**PLEASANT ROBINSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.**

1. An indictment for perjury should charge that the oath taken by the defendant was wilfully false, and to matter material to the issue. As to the degree of materiality, it is enough if it is circumstantially material, though not by itself sufficient to establish the issue.

2. The form of the sentence of a prisoner convicted of a crime, the punishment for which is imprisonment in the State Prison for any term, should be "that he be imprisoned by confinement at hard labor," unless the court shall otherwise order as provided by law. McClellan's Digest, 451.

Writ of Error to the Circuit Court for Madison county. The facts of the case are stated in the opinion.

*F. W. Pope* and *H. J. McCall* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

This was an indictment which charged the defendant, Pleasant Robinson, with perjury, on the trial in the Circuit Court held in the county of Madison of one John Robinson, charged with aiding a prisoner in custody in attempting to escape from a person having the lawful custody of such prisoner. The jury found the defendant guilty. The counsel for the defendant then moved in arrest of judgment, which motion was denied. The case is in this court on a writ of error, and the errors assigned are as follows:

1. The indictment does not charge the offence or crime of perjury, in that the defendant was not sufficiently put on his guard.

2. The indictment does not allege material matter, or show said matter to be material.

3. The sentence of the court is contrary to law.

The court sentenced the prisoner, Pleasant Robinson, to be confined at hard labor for the term of five years in the State Penitentiary.

The statute under which this indictment was found reads as follows: "Whoever, being authorized or required by law to take an oath or affirmation, wilfully swears or affirms falsely in regard to any material matter or thing respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury, and shall be imprisoned," &c. This court have held in Miller vs. The State, 15 Fla., 577, that the oath taken by the defendant must not only be false, but that it must be wilfully false, and to matter material to the issue, and that it is necessary to so charge the offence in the indictment. As to the degree of materiality it is enough if it was circumstantially material, though not in itself sufficient to establish the issue. (12 Metcalf, 225.) It is not necessary that the false statements should tend directly to prove the issue in order to sustain the indictment. If circumstantially material, or if it tends to support and give credit to a witness in support of the main fact, it is perjury. (Wood vs. The State, 59 N. Y., 117; Comm. vs. Grant, 116 Mass., 17; State vs. Keenan, 8 Richardson's Rep., (S. C.) 456.) False testimony is deemed material, not only when directly pertinent to the issue tried, but also if it tend to augment or diminish damages, or to impart greater credit to substantial parts of the evidence. The degree of materiality is of no importance. 2 Texas Court of Appeals, Lawrence vs. The State, 479.

The counsel in his argument insists that the indictment failed to allege that the evidence so given on the trial of John Robinson by this plaintiff in error was, as to matter material to the issue, and that therefore the judgment should have been arrested.

The only question then is, does the indictment sufficiently allege the materiality of the matter so sworn to? The grand jury in their presentment charge that on the 20th day of April, 1881, a certain issue was joined in the Circuit Court of Madison county, in an action for aiding a prisoner in custody in an attempt to escape from the custody of an officer; that the State of Florida was the plaintiff in such action, and John Robinson was the defendant; that the issue was tried before the Judge of said Circuit and a jury; that Pleasant Robinson, this plaintiff in error, was there produced as a witness on the part of John Robinson, the defendant; that he was duly sworn in said cause before the Judge of said court, such Judge having authority to administer such oath; "that upon the issue so joined between the parties aforesaid it then and there became and was a material matter respecting which said oath was required whether the said John Robinson on the seventeenth day of January in the year aforesaid, in the county and State aforesaid, had said to one George Smith, he, the said George Smith, being then and there a prisoner, attempting to escape from the custody of one James Ganey, he, the said James Ganey, being then and there a person having the lawful custody of him, the said George Smith, as aforesaid in custody, 'George, you put down your gun and go along with the officer to town, you can't be hurt for that little piece of meat;' and thereupon the said Pleasant Robinson being so sworn as aforesaid, and wickedly contriving and intending to cause and procure a verdict to pass for the said John Robinson," &c., did "wilfully, falsely, knowingly, maliciously and corruptly, and by his own consent upon his oath aforesaid, depose, swear and give in evidence to the jurors so sworn before the Hon. E. J. Vann, Judge, as aforesaid, among other things in substance and to the effect following, that is to say, I was present on the seven-

teenth day of January last at a row between James Ganey and George Smith with John Robinson and others, I heard John Robinson (meaning John Robinson, the said defendant, then and there being tried) say to George Smith, meaning then George Smith, the said prisoner in custody, 'George, you put down your gun and go along to town with the officer, you can't be hurt for that little piece of meat,' meaning thereby that he heard the said defendant, John Robinson, then and there persuading him, the said George Smith, to put his gun away, and peaceably go with the said officer, the said James Ganey, to the town of Madison for trial, whereas in truth and in fact he, the said John Robinson, did not then and there say to the said George Smith, 'George, you put down your gun and go with the officer to town, you can't be hurt for that little piece of meat.'" Also alleging that this plaintiff in error did not hear John Pobinson use such expression, and did not hear him endeavor to persuade George Smith to go peaceably with the officer, &c.

This indictment charges that on the trial of John Robinson for aiding a prisoner in lawful custody to escape from the officer having him in charge, it became a material question whether the said John Robinson used certain language to such prisoner, or whether in effect he advised such prisoner to go peaceably with the officer to his trial. The Plaintiff in Error is charged with having sworn to a certain fact tending to show that John Robinson did advise George Smith to go peaceably with the officer to his trial, when in truth and in fact John Robinson did not use the language so attributed to him, and did not advise the prisoner to go peaceably to his trial.

None of the evidence before the court on the trial is before us, but he is charged in the indictment with testifying that he was present at " *a row* " between James Ganey (the

officer) and George Smith (the prisoner in custody) with John Robinson and others, and the evidence so given by this Plaintiff in Error evidently related to what transpired at that "row." We can see that it may have been, and probably was, directly material to the issue then being tried. The court and jury before whom the Plaintiff in Error was tried believed it to be so, and found him guilty of the crime charged. It is sufficiently charged in the indictment as material to the issue, and the defendant there had notice of what was alleged against him, or, in the words of his counsel's point, " was sufficiently put upon his guard."

After the sentence was pronounced, and after the cause was brought into this court, the counsel assign as error the fact that the court sentenced the prisoner to hard labor, " as there are no such terms in the statute prescribing the punishment for perjury."

The statute (McClellan's Digest, 451,) in regard to the form of sentence, when to be imprisoned in penitentiary, is as follows : " In every case in which the punishment of imprisonment in the State Prison is awarded against any convict the form of sentence shall be that he be imprisoned by confinement at hard labor." * * * The sentence was in the form prescribed by the statute.

Judgment affirmed.