THE STATE OF KANSAS v. WILLIAM CLIFTON.
No. 10679.

MOTION TO QUASH — *information charging felony, accused must be present.* The hearing of a motion to quash the information in a prosecution for a felony is a part of the trial; and the defendant must be personally present in court at such hearing.

*Appeal from Geary District Court.*
*Hon. O. L. Moore, Judge.*

REVERSED AND REMANDED.        OPINION FILED NOVEMBER 7, 1896.

*C. A. Kimball,* for appellant.

*John T. Dixon,* County Attorney, for the State.

ALLEN, J.   The defendant was charged, by the County Attorney of Geary County, with having assaulted one James Gage, with intent to kill him. A motion was filed by his attorney to quash the information on various grounds. This motion was argued by counsel, submitted to the Court, and overruled, when the defendant was not present, but was in confinement in the county jail. Afterward he was tried, convicted, and sentenced to imprisonment in the penitentiary for five years. A motion for a new trial was filed on the ground, among others, that the defendant was not

personally present during every part of the trial; but the motion was overruled.

Section 207 of the Code of Criminal Procedure provides that "no person indicted or informed against for a felony, can be tried unless he be personally present during the trial." This means throughout the whole trial. *The State v. Myrick*, 38 Kan. 238. In the Code of Civil Procedure, section 265, a trial is thus defined:—"A trial is a judicial examination of the issues, whether of law or fact, in an action." In the case of *The State v. Kendall*, 56 Kan. 238, it was said that "a motion to quash the charge or information is an issue joined between the state and the defendant," and it was strongly intimated that the personal presence of the defendant at the hearing of a motion to quash the information is indispensable. That this is the law appears to be well settled. 1 Bishop, Crim. Proc. § 269. On the hearing of a motion to quash an information, the issues of law relating to the criminality of the acts of the defendant, charged in the information, are tried and determined by the court. If the motion is sustained the prosecution terminates, unless the information be amended. The decision on such a motion is not merely a determination of a matter preliminary to the trial, but is a part of the trial itself within the meaning of this section of the statute, and disposes of the issues of law arising on the information. When the trial commences so that the defendant is placed in jeopardy, within the meaning of the Constitution, and may not be tried again, is quite a different question. The record affirmatively shows that the defendant was not present, but was in the county jail when this hearing was had. In this he was denied his right to be personally present and witness all that took place at his trial.

29—57 KAN.

For this error the judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.