BENJAMIN F. SQUIRES, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where a motion for change of venue in a criminal case based upon the ground that a fair and impartial trial cannot be had in the county is supported only by the defendant's affidavit, an appellate court will not reverse the ruling denying such motion in the absence of some showing that defendant was prevented from securing corroborative evidence by hostile public sentiment.
2. Where a defendant in a criminal prosecution testifies as a witness in his own behalf, the State has the right on cross-examination to interrogate him as to whether he has previously been convicted of a criminal offence.
3. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Putnam County.

The facts in the case are stated in the opinion of the court.

*Fowler & Fowler,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J. :

At the Fall term, 1899, of the Circuit Court of Putnam county, plaintiff in error was tried and convicted upon an indictment found at that term charging him with larceny. From the sentence imposed this writ of error is taken.

I. The first assignment of error questions the propriety of the ruling of the Circuit Court denying the motion of plaintiff in error for a change of venue. That motion was based upon the ground that public sentiment in Putnam county was such that he could not secure a fair and impartial trial. The only evidence of the existence of the facts alleged as grounds to change the venue consists of the uncorroborated affidavit of the plaintiff in error presented with the motion, and no showing was made that he was prevented from securing corroborative evidence by hostile public sentiment. Under these circumstances we are not authorized to interfere with the ruling denying the motion. Shiver v. State, 41 Fla. ——, 27 South. Rep. 36.

II. The defendant was sworn as a witness in his own behalf. On cross-examination he was asked by the State Attorney "have you been convicted of larceny?" This question was objected to upon two grounds: First, because it was not properly in cross, as nothing had been asked the witness on direct examination pertain-

ing to his former conviction of larceny; second, because it compelled the accused to give testimony against himself of such a nature as to bias and prejudice his cause and thereby destroy his credibility before the jury. The question propounded was a proper one, as it sought to obtain an admission affecting the credibility of the witness (Roberson v. State, 40 Fla. 509, 24 South. Rep. 474), and the specific objections urged against it were properly overruled upon the authority of Wallace v. State, 41 Fla. ——, 26 South. Rep. 713.

III. Plaintiff in error moved the Circuit Court to grant a new trial upon the ground that the verdict of the jury was contrary to the law and the evidence. The ruling denying this motion is the basis for the last assignment of error. After a careful consideration of all the evidence certified to us in the bill of exceptions we discover nothing that justifies us in saying that the court erred in denying this motion.

The judgment of the Circuit Court is affirmed.