JULIUS BROWN, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

CRIMINAL LAW—PERJURY—INDICTMENT—MATERIALITY OF MATTER
FALSELY SWORN.

1. An information or indictment for perjury should either affirm-
atively allege, or show from other averments, that the false
testimony was material to the issue upon the trial of which it
was given. The indictment, at the pleader's election may
either aver directly that the testimony falsely deposed was
material to some issue on trial, or else allege facts from which
its materiality will in law appear.

2. Where a proper case is presented for impeaching a witness by
showing that he has made statements elsewhere contradictory
to those made on the witness stand, such witness will be guilty
of perjury if he swears falsely as to whether he did or did not
make such contradictory statements.

3. While it is necessary that an indictment for perjury should
show the materiality of the matter alleged to have been falsely
sworn, it is also necessary that the materiality shall be shown
by the proofs, and if not so proved there can be no conviction.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for
Escambia county.

The facts in the case are stated in the opinion of the
court.

*Chas. M. Coston* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

TAYLOR, C. J.—The defendant below, plaintiff in error
here, was informed against in the Criminal Court of Record
of Escambia county for perjury, the information, omitting
its formal commencement and conclusion, being as follows:
"That Julius Brown, late of the county of Escambia afore-
said in the State aforesaid, laborer, on the second day of

February, in the year of our Lord one thousand nine hundred and three, with force and arms, at and in the county of Escambia aforesaid, before the Criminal Court of Record of Escambia county, Florida, whereof Honorable E. D. Beggs was judge, on an issue within the jurisdiction of said court duly joined and trial thereof before a jury of the country between the State of Florida as plaintiff, and Jack Adams as defendant, was in due form of law sworn by the said Judge E. D. Beggs, having competent authority to administer to him the oath, to tell the truth, the whole truth, and nothing but the truth touching the matters then and there in controversy between the said plaintiff and defendant. Whereupon it then and there became and was a question material to the said issue whether the said Jack Adams, who was then and there on trial as aforesaid, sold whiskey, beer or wine in Escambia county, Florida, without first having obtained a license so to do from the proper authority, and to this the said Julius Brown did then and there wilfully, knowingly, falsely and corruptly testify and say in substance and effect that the said Jack Adams did not sell or cause to be sold any whiskey, beer or wine on the 27th day of June, 1902, or at any time during the said year; and that he did not swear before C. B. Parkhill, Solicitor of the Criminal Court of Record of Escambia county, Florida, at the office of the said C. B. Parkhill, in the city of Pensacola, Florida, that he bought whiskey and beer from the said Jack Adams on the 27th day of June, 1902: Whereas, in truth and in fact, as the said Julius Brown then and there well knew, that he did swear and say before the said C. B. Parkhill, in his said office, that he bought whiskey and beer from the said Jack Adams on the 27th day of June, 1902, against the form of the statute," etc. Upon this information the defendant was tried, convicted and sentenced, and asks reversal here on writ of error.

Before trial the defendant moved to quash the information upon the following grounds: "1st. Because the

said information is vague, indefinite and so uncertain as not to be understood by the defendant.

2nd.  Because the said information does not inform the defendant of the nature of the crime that he is required to stand trial for.

3rd.  Because the said information is multifarious in this that it charges two separate and distinct offenses in one and the same count.

4th.  Because the said information is defective in this that it sets forth statements alleged to have been made by the defendant that are not material.

5th.  Because the said information is defective in this that it fails to set forth alleged statements by defendant that were material." The denial of this motion constitutes the first assignment of error.

An information for perjury should either affirmatively allege, or show from other averments, that the false testimony was material to the issue upon the trial of which it was given. 16 Ency. Pl. & Pr. 342, and citations; *Miller v. State,* 15 Fla. 577; *Robinson v. State,* 18 Fla. 898. The indictment, at the pleader's election, may either aver directly that the testimony falsely deposed was material to some issue on trial, or else allege facts from which its materiality will in law appear. 2 Bishop New Cr. Proc. sec. 921; 2 Bish. Cr. Law (7th ed.) sec. 1030. Does the information in this case come up to the requirements of this rule? We think that it does. It alleges that upon the trial of one Jack Adams before the Criminal Court of Record of Escambia county, it was a material issue as to whether the said Jack Adams sold whiskey, wine or beer in Escambia county without first having obtained a license so to do from the proper authority; and that as to this fact the defendant testified that the said Adams did not sell or cause to be sold any whiskey, wine or beer on the twenty-seventh day of June, 1902, or at any time during the said year. Now if the defendant was a witness for the prosecution, and testified as above, then such evidence was *adverse* to the

case of the State on trial against the said Adams, and, under the provisions of section 1101 of the Revised Statutes, it was proper and competent for the prosecuting attorney to interrogate him as to contradictory statements made elsewhere, as a predicate for impeaching him; and if he was a witness for the defense the prosecution would have the same right on cross-examination under the provisions of section 1102, Revised Statutes, and the making of such contradictory statement by the defendant, therefore, became and was a material matter to be enquired about in such trial, and so sufficiently appears from the allegations of the information here; and when interrogated as to the making of such contradictory statement, if the witness testified falsely he was guilty of perjury.

While it is necessary that an indictment should show the materiality of the matter alleged to have been sworn to falsely it is also necessary that its materiality shall be shown by the proofs in the case, and if not so proved there can be no conviction.

The defendant moved for new trial upon the ground, among others, that the verdict was contrary to the evidence, and unsupported by it, and the denial of this motion is also assigned as error. This assignment of error is well taken. The record shows that when the prosecution came to the proofs it departed materially from the case made in the information. The defendant at the trial of the said Jack Adams was introduced as a State witness, and instead of testifying, as the information alleges, that Jack Adams did not sell any whiskey, wine or beer, he simply stated in reply to a question by the prosecution that he, the defendant, did not buy any whiskey, wine or beer from Jack Adams on June 27th, 1902, without undertaking to testify as to whether or not Jack Adams did or did not sell it to other parties on that date. Whereupon the State prosecutor asked the question in substance, did you not swear before me in my office here in Pensacola that you bought whiskey and beer from Jack Adams on June 27th, 1902, to which ques-

Brown v. State.—Opinion of Court.

tion the defendant answered that he did not so swear, and this latter denial is the basis of this prosecution and conviction. The defendant was the State's witness and when he stated simply that he himself had not bought liquors from Adams he did not thereby give evidence that was *adverse* to the State, but simply disappointed the prosecution in failing to testify to facts that it expected from him, without in any way deposing anything harmful or adverse to the State's case against Adams. Under those circumstances it was wholly irrelevant and immaterial whether the defendant had or had not on other occasions stated or sworn that he had bought whiskey or beer from Jack Adams, and it was improper to permit him to be interrogated as to such supposed contradictory statements. It was not proper as a predicate for impeaching him, because he had testified to nothing material or adverse to be impeached for (*Adams v. State,* 34 Fla. 185, 15 South, Rep. 905), and if he had answered that he had sworn or stated on another occasion that he had bought liquors from Jack Adams it would not have aided or harmed the State's case against Adams in the slightest degree. So that the fact as to whether he had or had not on another occasion stated or sworn that he had bought liquors from Adams was wholly immaterial and irrelevant for any proper or legitimate purpose or issue in the trial of said Adams. The verdict, therefore, was not supported by the evidence, since the evidence in the case shows that the matter upon which the supposed perjury is predicated was not material to any issue in the case on trial at which it was deposed.

The judgment of the court below is reversed and a new trial awarded at the cost of Escambia county.

HOCKER and COCKRELL, JJ., concur.

CARTER, P. J., SHACKLEFORD and WHITFIELD, JJ., concur in the opinion.