# DECISIONS

## OF THE

# Supreme Court of Florida.

## JANUARY TERM, 1914.

CLARENCE DALY, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed January 20, 1914.

CRIMINAL LAW—ASSIGNMENTS OF ERROR MUST BE PREDI-
CATED ON OBJECTIONS AND EXCEPTIONS TO RULINGS.
ACCUSED WHILE VOLUNTARY WITNESS FOR SELF
MAY BE CROSS-EXAMINED THOUGH THE QUES-
TIONS TEND TO CRIMINATE HIM.

1.  Assignments of error must be predicated upon objections duly
    presented at the trial and upon exceptions there duly taken to
    the rulings of the court, else they cannot be considered by
    the appellate court.

2.  Where an accused on trial voluntarily offers himself as a
    witness on his own behalf, he thereby voluntarily subjects
    himself to any legitimate cross-examination, whether such
    cross-examination tends to criminate him or not.

Writ of Error to Circuit Court for Dade County; Jas.
W. Perkins, Judge.

Judgment affirmed.

*J. I. Mitchell* and *G. E. McCaskill,* for Plaintiff in
Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was tried and convicted of the crime of rape at a special term of the Circuit Court of Dade County, and from the judgment and sentence of death imposed takes writ of error here.

The first four assignments of error are predicated on the denial of the defendant's motion for a new trial on the grounds that the evidence was insufficient to support the verdict; that the verdict was contrary to law and to the evidence. These assignments we will take up hereafter. The fifth assignment of error is that the court erred in permitting the State's Attorney to indicate the prisoner in open court and to ask the prosecutrix, "Is that the man?" We do not find either an objection or exception in the record before us to the proceeding complained of in this assignment, and it must, therefore, be adjudged against the defendant.

Assignments of error must be predicated upon objections duly presented in the trial court, and upon exceptions there duly taken to the ruling of the court, else they cannot be considered by the appellate court.

The sixth assignment of error alleges that the court below erred in permitting the State to cause the prisoner to stand or move from his seat for the purpose of identification by the prosecutrix. Unfortunately for this assignment the record before us does not verify the truth of this assertion, but on the contrary shows affirmatively that the trial judge ruled that the State's Attorney could not cause the prisoner to stand up for identification by the prosecutrix, but permitted him to send the prosecut-

ing witness over near to the prisoner where she identified him positively..

The seventh assignment of error is that the court erred in permitting the State's Attorney to ask the defendant on cross-examination if he did not state to one Mr. Deleplane on the night of the commission of the crime that he had had trouble with the marshal and wanted to leave his grip with him. We do not find any objection or exception in the record upon which this assignment could be predicated, but even if there were, there would be no error in permitting the question as it would have been legitimate cross-examination and would have been the laying of the proper predicate for contradiction of the witness if he had denied making the statement to Deleplane as to having had trouble with the Marshal.

The eighth assignment of error complains of the court's permitting the State's Attorney to ask the defendant while a witness on his own behalf on cross-examination, "if in a conversation with a negro girl named Kemp held at the jail two or three days after he had been put in there, in reply to a question by the girl as to what he had been arrested for, he answered 'for assaulting a woman,' and when the girl asked him further, 'Why did you jump on that poor old woman,' did you not reply, 'An old woman loves it as well as a young one.' Did that conversation take place?" The objections made to this question were that it was not in pursuit of the direct examination, and that it was leading and tended to make the defendant criminate himself. There was no error in the ruling here complained of. As to the contention that the question propounded was not in pursuit of the direct examination, the witness was evidently an adverse one, and to sift the truth of his testimony the State was not to be confined strictly to the subjects of the direct

examination, and leading questions were for the same reason permissible—as to the objection that the question tended to incriminate him, he could not take advantage of that objection since he had voluntarily offered himself as a witness on his own behalf and thereby voluntarily subjected himself to any legitimate cross-examination, whether such cross-examination tended to criminate him or not,—indeed it may be said of the entire cross-examination of a defendant on trial, who voluntarily offers himself as a witness on his own behalf, that its tendency is to incriminate him. The evidence here sought was pertinent to the issues and was the laying of a proper predicate for impeachment of the witness. 2 Chamberlayne's Modern Law of Evidence, Sec. 1555.

The ninth assignment of error alleges error in the court's permitting the State's Attorney to ask the defendant on cross-examination: "Isn't it a fact that all of these parties here have tried to get you here to tell something about it, and you refused to talk-" There was no error here. The defendant in his defense endeavored to fix the crime on an unknown party that he said was called Joe Feury, but no hint of such a defense was ever given until it developed out of the defendant's own testimnoy as a witness on the stand at the trial. That he did not talk of this imaginary individual Feury before this so that he might have been apprehended and the truth of the defendant's accusations against him investigated, tended to cast suspicion upon the truthfulness of the defendant's accusations against him, and was a legitimate subject of inquiry.

The tenth assignment of error complains of the following question permitted by the court to be propounded by the State's Attorney to a police officer in rebuttal of the defendant's testimony: "Had he (meaning the

defendant) been there at the station and around the town there, walking around the streets, after you had been notified, would he have been apprehended by your men?" There was no error here. The defendant as a witness had testified that after the commission of the crime and another crime of larceny from him of $20, by the imaginary Joe Feury, he (the defendant) had spent the remainder of the night all around the streets of the town, around the railroad station and around the post-office in a vain search for said Joe Feury. The police officer had testified that he and about fifty other men had diligently searched the town, not for Joe Feury, but for the defendant, but without avail. They could not find him. The question objected to and assigned as error was strictly in rebuttal of this testimnoy of the defendant and was properly admitted.

The eleventh assignment of error is the denial of the defendant's motion for new trial upon the grounds embraced on the first four assignments of error to the effect that the verdict is not supported by the evidence, and is contrary to the evidence and to the law. We have carefully considered the evidence in the case as contained in the record, and without a rehearsal of it here, we have no hesitancy in saying that it abundantly sustains and justifies the verdict returned, and makes out every legal ingredient of a most atrocious crime.

Finding no error in the record, the judgment of the court below in said cause is hereby affirmed at the cost of Dade County, the defendant having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.