J. A. HERNDON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed July 25, 1916.

1. Under the provisions of Section 3979 of the General Statutes of 1906, the defendant in a criminal prosecution may at his option be sworn as a witness in his own behalf, "and shall in such case be subject to examination as other witnesses."

2. Where an accused on trial voluntarily offers himself as a witness on his own behalf, he thereby voluntarily subjects himself to any legitimate cross-examination, whether such cross-examination tends to criminate him or not.

3. Where a defendant in a criminal prosecution testifies as a witness in his own behalf, the State has the right on cross-examination to interrogate him as to whether he has previously been convicted of a criminal offense.

4. Where a defendant in a criminal prosecution offers himself as a witness in his own behalf he may be contradicted and impeached as any other witness and may be cross-examined as to his former conviction on a similar charge even in another State.

5. To constitute perjury for false swearing in the trial of a cause the fact sworn to need not be material to the main issue; but if it be conducive to the point in issue or a guide to the court or jury, even though circumstantial, it is perjury.

6. If the defendant in a criminal prosecution offers himself as a witness in his own behalf, he may be asked on cross-examination if he has been convicted of another offense, especially of a similar character to the offense for which he is being tried, and if he answers such question falsely, he may be convicted of perjury.

Writ of Error to Criminal Court of Record, Hillsborough County; Lee J. Gibson, Judge.

Judgment affirmed.

*Fletcher & O'Neill,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

SHACKLEFORD, J.—J. A. Herndon seeks relief here from a conviction of a crime of perjury, having been found guilty upon a trial before a jury and sentenced to imprisonment in the state prison for a term of five years. Four errors are assigned, all of which are argued together, the defendant stating in his brief that his "argument applies to cover each and every one of the assignments of error and the matters involved in the trial, to which exception has been taken, are so interwoven that in arguing any one of the assignments of error, it involves the same matters considered in each of the assignments of error." We shall follow the example of the defendant and treat the assignments together.

The evidence adduced establishes that during the trial of the defendant in the month of November, 1914, in the same court in which his trial for perjury took place, for the crime of larceny of cattle, the defendant took the stand as a witness in his own behalf and upon cross-examination by the State if he had ever been convicted in the State of South Carolina for stealing live stock, to which question the defendant answered no, that he had not been convicted in such State of such crime, and in response to a further question by the State as to whether or not he had ever lived in South Carolina the defendant stated that he had not. The evidence further establishes beyond question that the defendant had lived in the State of South Carolina and had been convicted at a term of

court of General Sessions, held at Hampton Court-house, in Hampton County, South Carolina, in the month of June, 1901, of the crime of larceny of a mule and had been sentenced to "be imprisoned at labor upon the public works of the County of Hampton for two (2) years and pay a fine of one dollar, or be imprisoned in the State Penitentiary at hard labor for two (2) years and pay a fine of one dollar." It is certainly not necessary and does not seem advisable to discuss the testimony of the different witnesses in detail. In addition to what we have said, it is sufficient to state that upon his trial for the crime of perjury the defendant offered himself as a witness in his own behalf, whereupon the following proceedings took place:

"DIRECT EXAMINATION:

"Questions by Mr. Samuel T. Fletcher:

"Q. What is your name? A. J. A. Herndon. Q. Where do you live, Mr. Herndon? A. Port Tampa. Q. What is your age? A. I am thirty-eight years old. Q. Where were you born, Mr. Herndon? A. In Chatham County, Georgia. Q. Were you ever in Hampton County, South Carolina? A. Yes, sir. Q. Please state whether or not you were tried and convicted of the larceny of a mule in Hampton, South Carolina, in the summer of 1901? A. Yes sir; I was. Q. Were you found guilty? A. Yes sir. Q. Were you sentenced? A. Yes sir. Q. For how long? A. Two years. Q. How long did you serve? A. I served about nine months.. Q. How were you discharged? But to the question as propounded the State did then and there object on the grounds: First, that the same called for immaterial

and irrelevant testimony; second, that the testimony sought to be elicited should be proven in a legal way by a certified copy, and that then the same would be immaterial as well; and, third, that the same was not proper to be proven by parol testimony. (Thereupon counsel for the defendant made the following statement) : (By Mr. Fletcher) : I submit that it is material for the reason that a State's witness testified that defendant was pardoned by the Governor, and that the Governor, in the exercise of his power, reduced his time to something like a year, or less. That was testified to by Mr. Hiers. That having gone to the jury, I submit that it is proper for this witness to testify to this jury whether or not that was voluntary on the part of the Governor, or whether he made any effort, and to explain how it came about that he obtained the pardon and did not serve the two years. I submit that the testimony is material for the further reason that when Mr. Herndon was asked this identical question by the County Solicitor that he asked permission of your Honor—and I know that your Honor never anticipated the seriousness of it—for the privilege of asking the Solicitor a question, and the court told him, as testified to here by a witness, to answer the question as any other witness, and that he had no right to interrogate the County Solicitor. When he explains why he asked the privilege of interrogating the County Solicitor, the materiality of this testimony will be more apparent to the court.

"And the said Court sustained said objections, and would not permit said question to be answered, by the following ruling, to-wit : (By the Court) : I do not think it is proper to go into the question of why he was pardoned or how he was pardoned. The only question

here is whether he testified falsely or not. To which ruling the defendant then and there excepted."

The defendant then proceeded to testify still further on his direct examination and was also cross-examined at considerable length and gave additional testimony upon his re-direct examination, but we see no occasion for setting out any further portions of the defendant's testimony or discussing the same. Witnesses on behalf of the State had previously testified that the defendant did not serve his full sentence of two years, but that the Governor of South Carolina in the exercise of his executive clemency had reduced the defendant's term to about one year. We do not see wherein the question of why this was done is material.

One of the grounds of the motion for a new trial, which was overruled, questions the correctness of a portion of the general charge of the Court numbered 6. We copy such charge so numbered in full, as otherwise the portion complained of would hardly be intelligible. Such charge is as follows:

"6. The court further instructs you that before you can find the defendant guilty, as charged in the information in this case, you must be satisfied from the evidence in the case, beyond a reasonable doubt, to all the material allegations contained in the information. And in this connection, however, the court instructs you that in the trial of a person charged with larceny in a court of competent jurisdiction in this State, it is material whether or not the defendant had previously been convicted of the crime of larceny either in this State or any other State; and if a defendant on trial charged with the commission of a crime in a court of competent jurisdiction in this State is duly and legally sworn as a witness in his own behalf, and testifies falsely and wilfully that

he has not previously been convicted of the crime of larceny in this or any other State, when in truth and in fact such witness, so testifying in his own behalf, had in truth and in fact previously been convicted of the crime of larceny in this or any other State, and so knew, then such defendant, testifying as a witness in his own behalf, commits the crime of perjury."

We are of the opinion that, taken as entirety and especially in connection with other portions of the general charge, it is not subject to the criticism directed against it. Section 3979 of the General Statutes of 1906, Compiled Laws of 1914, expressly provides that in all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, "and shall in such case be subject to examination as other witnesses." We have several times had occasion to construe this statute. See Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, 8 L. R. A. (N. S.) 509; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312, 12 Ann. Cas. 150. In Daly v. State, 67 Fla. 1, 64 South. Rep. 358, we held: "Where an accused on trial voluntarily offers himself as a witness on his own behalf, he thereby voluntarily subjects himself to any legitimate cross-examination, whether such cross-examination tends to criminate him or not." In Squires v. State, 42 Fla. 251, 27 South. Rep. 864, we held: "Where a defendant in a criminal prosecution testifies as a witness in his own behalf, the State has the right on cross-examination to interrogate him as to whether he has previously been convicted of a criminal offense." Also see discussion in the note on page 851 of 30 L. R. A (N. S.) where many authorities are collected.

It is further a well-settled legal principle, that a person is liable to prosecution for perjury for false testimony

8·

given by him when he was tried for another offense, and the fact that he was acquitted of the other offense for which he was tried is immaterial. Allen v. U. S. 114 C. C. A. 357, 194 Fed. Rep. 664, 39 L. R. A. (N. S.) 385 to which a valuable note is appended, citing a number of authorities.    As was held in Commonwealth v. Johnson, 175 Mass. 152, 55 N. E. Rep. 804: "If the defendant in a criminal case offers himself as a witness, he may be asked if he has ever been arrested before the arrest on the charge for which he is then on trial, if he has ever been convicted of any offense, and if he has ever served a sentence in prison or for a crime; and if he answers such question falsely, he may be convicted of perjury." In State v. Oliphant, 128 Mo. App. 252, 107 S. W. Rep. 32, it was held:    "Where a defendant offers himself as a witness in his own behalf he may be contradicted and impeached as any other witness and may be cross-examined as to his former conviction on a similar offense even in another State."    In United States v. Landsberg, 23 Fed. Rep. 585, it was held: "Where a party charged with counterfeiting, on examination before a United States commissioner, testifies, on cross-examination, in answer to a question, that he has never been in prison, when he has been in a state prison, such false answer amounts to 'material matter,' within the meaning of Rev. St. §5392, and an indictment for perjury will lie."    See also People v. Courtney, 31 Hun. 199, which was affirmed in 94 N. Y. 490; Ball v. United States, 147 Fed. Rep. 32; 40 Cyc. 2610.

In discussing the degree of materiality of false testimony sufficient to support a charge for perjury, this court in Robinson v. State, 18 Fla. 898, text 899, said: "As to the degree of materiality it is enough if it was circumstantially material, though not in itself sufficient

to establish the issue. (12 Metcalf, 225). It is not necessary that the false statements should tend directly to prove the issue in order to sustain the indictment. If circumstantially material, or if it tends to support and give credit to a witness in support of the main fact, it is perjury. (Wood v. The State, 59 N. Y. 117; Comm. v. Grant, 116 Mass. 17; State v. Keenan, 8 Richardson's Rep. (S. C.) 456.) False testimony is deemed material, not only when directly pertinent to the issue tried, but also if it tend to augment or diminish damages, or to impart greater credit to substantial parts of the evidence. The degree of materiality is of no importance. 2 Texas Court of Appeals, Lawrence vs. The State, 479." Also see the discussion in Brown v. State, 47 Fla. 16, 36 South. Rep. 705. As was held in State v. Brown, 128 Iowa 24, 102 N. W. Rep. 799, "To constitute perjury for false swearing in the trial of a cause the fact sworn to need not be material to the main issue; but if it be conducive to the point in issue or a guide to the court or jury, even though circumstantial, it is perjury." We would also refer to State v. Day, 100 Mo. 242, 12 S. W. Rep. 365; Wilson v. State, 115 Ga. 206, 41 S. E. Rep. 696, 90 Amer. St. Rep. 104; State v. Park, 57 Kan. 431, 46 Pac. Rep. 715. In this case the lapse of thirteen years did not destroy the materiality of the testimony.

We have read the brief of the defendant in connection with the transcript of the record and are of the opinion that he has failed to sustain any of his assignments of error. We think that the evidence is amply sufficient to suport the verdict and no errors either of law or procedure have been pointed out to us which would warrant a reversal, therefore the judgment must be affirmed.

TAYLOR, C. J. and COCKRELL, WHITFIELD and ELLIS JJ. concur.