WILL TINDALL, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed May 17, 1930.

1134

*R. Percy Jones,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

. Plaintiff in error, hereinafter referred to as the defend-; ant, was indicted in the Circuit Court of Hendry County for perjury and a motion to quash the indictment was filed and denied. Upon trial, defendant was convicted and a motion for new trial being denied, he was sentenced to five years in the State prison. The case is here for review upon writ of error.

The principal questions presented for review are: (1) the court erred in overruling the motion to quash the indictment; (2) the court erred in denying the motion for new trial, and (3) overruling the motion in arrest of judgment.

The particular matters first argued by defendant under the motion to quash are that the indictment fails to allege: (1) that the grand jury, before whom defendant is alleged to have sworn falsely, was investigating crime, or (2) that he swore falsely in a judicial proceeding, or (3) that the false testimony was upon a material matter involved in the investigation by the grand jury of the commission of a crime. .

As to the first objection to the indictment, it is apparent that the wording of the instrument as a whole sufficiently

1136

shows an investigation of crime by the grand jury, not only by necessary implication from the document itself, but by its wording in terms in designating the crime.

The second contention is that the indictment does not sufficiently allege that defendant swore falsely in a judicial proceeding, coming within the provision of Section 7477, Comp. Gen. Laws of Florida, 1927. In the case of Craft v. State, 42 Fla. 567, 29 So. R. 418, it was held that under our judicial system a grand jury is an appendage or adjunct to the circuit court, and that an investigation by a grand jury of a crime that is within its jurisdiction to investigate and to indict for, is a judicial proceeding in a court of justice, and perjury committed before a grand jury in such an investigation falls within that class of crimes defined by Section 2561, Rev. Stats., 1892, (now Section 7477, Comp. Gen. Laws of Florida, 1927.) There is no question raised here that the grand jury did not have jurisdiction to investigate and indict for the offense under consideration by the jury. False testimony before a grand jury, in order to be perjury, must necessarily be as to a matter which the grand jury had power to investigate, and if it had such power, then the question of materiality is governed by the same rules as govern testimony in the trial of an issue in court. 21 R. C. L. 263, Sec. 11; 48 C. J. 850, Sec. 67; 22 L. R. A. (N. S.) 1192; 2 Bishop's New Criminal Procedure (2nd Ed.), Sec. 864 (2.) The last authority also holds that if a witness swears falsely before a grand jury, it may of its own motion and knowledge indict such witness for perjury.

The third matter argued questions the sufficiency of the indictment to allege that the false testimony was upon a material matter involved in the investigation of a commission of a crime. The indictment not only alleges that defendant swore falsely in regard to a material matter,

concerning which his oath was authorized and required and concerning a matter which they had authority and jurisdiction to hear and investigate, but it sets forth the material matter and shows in terms their full power and authority and that the matter involved was a crime for which they had power to indict.

In the case of Herndon v. State, 72 Fla. 108, 72 So. R. 833, it was held that to constitute perjury for false swearing in the trial of a cause the fact sworn to need not be material to the main issue, but if it be conducive to the point in issue or a guide to the court or jury, even though circumstantial, it is perjury. See also Brown v. State, 47 Fla. 16, 36 So. R. 705; Gibson v. State, 47 Fla. 34, 36 So. R. 706.

In the case of Brown v. State, *supra,* it was held:

"An information or indictment for perjury should either affirmatively allege, or show from other averments, that the false testimony was material to the issue upon the trial of which it was given. The indictment, at the pleader's election may either aver directly that the testimony falsely deposed was material to some issue on trial, or else allege facts from which its materiality will in law appear."

In an early decision of this Court, it was held that: (Cherry v. State, 6 Fla. 679):

"The degree of strictness spoken of in the books as applicable to criminal jurisprudence, is such as is conformable to rational principles, and not such as is calculated to defeat the ends of the law."

The above decision (in 1856) was made prior to the enactment of Section 8369, Comp. Gen. Laws of Fla., 1927,

originally Chapter 1107, Acts of 1861, providing that no indictment shall be quashed on account of any defect unless it is so vague, indistinct and indefinite as to mislead or embarrass the accused in the preparation of his defense, or expose him thereafter to substantial danger of another prosecution for the same offense. As applied to indictments for perjury, see Bennett v. State, 65 Fla. 84, 61 So. R. 127; Jarvis v. State, 73 Fla. 635, 74 So. R. 794; Edwards v. State, 62 Fla. 40, 56 So. R. 401; Gray v. State, 58 Fla. 54, 50 So. R. 538; Mills v. State, 58 Fla. 74, 51 So. R. 278; Johnson v. State, 51 Fla. 44, 40 So. R. 678.

It is clearly shown by the indictment itself that the grand jury was investigating the illicit sale of intoxicating liquors by Mrs. Bertie Wiggins, for which offense it had authority to indict.

The next assignment of error is based upon the overruling of the motion for new trial, the first three grounds of which allege that the verdict is contrary to the law and the evidence.

Under this assignment it is contended by defendant that the testimony given by the State's main witness, T. J. Caruthers, was not corroborated by the evidence of any other witness. The rule obtaining in this State is that:

"To convict of the crime of perjury the offense must be proved by the oaths of two witnesses or by the oath of one witness and other independent and corroborating circumstances which are deemed of equal weight with another witness. Such is the rule now well established on authority. And the element of the offense which must be so proved is the falsity of the material matter sworn to." Ward v. State, 83 Fla. 311, 91 So. R. 189; Ellis v. State, 83 Fla. 322, 91 So. R. 192; Yarbrough v. State, 79 Fla. 256, 83 So. R. 873.

An important element of the offense which must be proved by the oaths of two witnesses, or by the oath of one witness, and by other independent and corroborating circumstances, which are deemed of equal weight with another witness, "is the falsity of the matter sworn to." The transcript shows that the testimony of T. J. Caruthers was direct as seeing the defendant receive and pay Mrs. Bertie Wiggins for the first purchase of liquor, and that it was on January 13, 1929, at LaBelle, in Hendry county. Corroborative testimony on the two false statements made by Tindall as alleged in the indictment, i. e., (1) that the defendant, Tindall, did not purchase any liquor from said Bertie Wiggins, and (2) that he had not been in Hendry county for two years, was given by Mrs. Caruthers and Clifford Hill. Mrs. Caruthers testified that upon the return of her husband and the defendant from Mrs. Wiggins' residence which was about a half-mile away she saw and drank part of the liquor, and that the empty bottle of the first pint was left on her table. It was further corroborated by the apparently reluctant witness, Clifford Hill, who accompanied defendant and Caruthers an hour or so later to a place near the Wiggins house. He testified that defendant got out of the car and went to the Wiggins house and brought back another pint, while he and Caruthers waited for him about fifty yards away. This is further corroborated by other evidence that this last liquor was drunk on the way to Fort Myers, soon thereafter. The witnesses, Clifford Hill, T. J. Caruthers and Mrs. Caruthers, testified as to the false statement as to Tindall's presence in Hendry county on January 13, 1929, when the liquor was purchased. These material matters as to the actual purchase and as to defendant being in Hendry county were denied by defendant before the grand jury as shown by the evidence of the foreman and one

other member of the grand jury, both of whom testified that defendant stated to the grand jury on February 26, 1929, that he had never bought any liquor from Mrs. Bertie Wiggins, and that he hadn't even been in Hendry county for two years.

The fourth assignment of error is based upon the trial court's denial of the motion of defendant to require the State's attorney to make the opening argument and apprise defendant of the matters expected to be relied upon for a conviction. The trial court stated that he knew of no rule whereby he could prevent State's Attorney waiving opening argument, and told him to "go ahead."

Perjury is perhaps the most serious and far-reaching felony known to jurisprudence; in fact, it places the person convicted almost in the status of the lower animals; as for example, in this State it deprives him of his right to vote; disqualifies him as a juror, or to hold any office; he is incompetent to testify in any court, even after a pardon; in substance, it makes of him an outcast of society. His legal rights in a trial should therefore be handled with much care.

The purpose of allowing the attorney, upon whom the burden lies to open and conclude the argument to the jury after closing the testimony is that in his opening address he shall fairly state his case, that is, the particular evidence and the law upon which he relies, so that the opposing attorney may have opportunity to reply. Of course the court by the very nature of things could not regulate with exactness how much or what an attorney should say in his opening address, but if he refuses to fairly open his case, he should not be permitted to reply to his adversary; for if he is permitted to do so, then the opposing attorney should be permitted to reply. To sanction any other method might lead to giving a very unfair advantage, and perhaps

to injustice. Seaboard Air Line Ry. v. Rentz, 60 Fla. 449, 54 So. R. 20.

Even if there were a rule prohibiting an attorney waiving the opening agument in a criminal case, it would be an easy matter for him to feign an argument, or avoid mentioning some of the stronger points in his favor until the closing argument when the opposing attorney might not have a chance to reply. While an attorney may not be required to make the opening argument (or if he makes a pretended one) yet the trial court, exercising its discretion, may permit opposing attorney to reply to any new material matter brought out on the former's second or closing argument. Otherwise serious damage may result and possibly a farce be made of what ought to be an important step in the trial. In fact, it may even constitute reversible error for the trial court to unreasonably limit the time for argument to the jury. May v. State, 89 Fla. 78, 103. So. R. 115. See 16 C. J. 893, Section 2234. Also where the attorney having the opening argument, feigns or only makes a short statement, the opposing attorney may thereupon waive his right to argument and thus deprive his adversary of a reply; as was held in the case of Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. R. 391, wherein this Court said:

"The defendant's counsel having made no argument, there was nothing to be met or replied to by counsel for the plaintiff, and the presentation rested upon the opening argument for the plaintiff."

Chapter 6228, Acts of 1911, now Section 8386, Comp. Gen. Laws of Fla., 1927, providing that in all criminal cases, where the defendant offers no testimony in his own behalf, except his own, the attorney or attorneys for the defendant shall have the closing argument, has caused

some confusion where there are two or more attorneys for defendant, and the defendant waives opening argument. In the case of Landrum v. State, 79 Fla. 189, 84 So. R. 535, it was held that when there are two or more attorneys for the defense, the court may direct the order of argument, provided he gives the defendant the final argument by one of his attorneys.

In the case at bar the record does not show whether or not the State's Attorney brought out and emphasized material controversies in the trial, to which defendant was not given the opportunity to reply; if so, there are many instances where such procedure might constitute serious error. It is not reversible error, however, to permit the State to waive the opening argument where it is not made to appear that there was any closing argument, on behalf of the State, prejudicial to defendant, or argument to which counsel for defendant was not permitted to reply. Harmon v. State, 48 Fla. 44, 37 So. R. 520. See also recent dissenting opinion of Mr. Justice Brown in the case of Andrews v. State, — Fla. —, 126 So. R. 751.

The third assignment of error is based upon the denial of the motion in arrest of judgment, which raises practically the same points as to the sufficiency of the indictment, as were raised by the motion to quash, which we have already covered in our discussion of the first assignment.

The only remaining assignment is the seventh, which is based upon the overruling of defendant's objection to the State's Attorney reading extracts from the law to the jury.

In this case the record does not show what statements or extracts from the law were read to the jury, if any. It cannot therefore be determined whether there was any statement made to the prejudice of the defendant. This Court has held that a prosecuting attorney, being a sworn officer

of the government and occupying a semi-judicial position, should preserve intact all sanctions and traditions of such office. Henderson v. State, 94 Fla. 318, 113 So. R. 689.

The reading of extracts of law, or reading from a previous published opinion in another case in argument to the jury may constitute reversible error, where inapplicable and prejudicial. 16 C. J. 912, Section 2263; *Ex parte* Hill, 194 Ala. 559, 69 So. R. 598.

In fact, the correct practice does not permit counsel to read authorities to the jury, and while counsel may submit his theory of the law in written requested charges, it is the function of the trial court to charge the law applicable to the issues in the case. Where counsel have been permitted to read authorities to the jury the discretion of the court will not be interfered with on appeal, unless it clearly appears that the trial court abused its discretion to the prejudice of the opposite party. 2 R. C. L. 422, Sec. 21; 16 C. J. 912, Sec. 2263.

There being no reversible error, the judgment of the trial court should be affirmed.

BROWN, J., concurring:

I think if the record had made it sufficiently clear that the court, over the defendant's objection, permitted counsel for the State to omit the opening argument, thus requiring the argument for the defendant to be made while his counsel was kept entirely in the dark as to what the concluding argument of the State would be, the case should be reversed for the reasons stated by me in Andrews v. State, 126 So. R. 751. But the record does not show that the State Attorney made any argument at all. Therefore, the record does not show that any injury resulted to the defendant.

1144

STRUM, J., concurs.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.