Richard Smith, *alias* Smitty, v. State.

177 So. 222.
Division A.
Opinion Filed October 20, 1937.
Rehearing Denied December 6, 1937.

*A. Bass* and *Butt & Akridge,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

Buford, J.—We review on writ of error judgment of conviction of murder in the first degree without recommendation to mercy.

Plaintiff in error presents two questions for our consideration, as follows:

"QUESTION No. 1. Was the evidence in this case sufficient to sustain the verdict of murder in the first degree; premeditated design to effect death being an essential element of murder in the first degree and the law imposing upon the State the duty of proving premeditation beyond a reasonable doubt?"

"QUESTION No. 2. Where defendant has not put his character in issue were the following questions asked by the Assistant Prosecuting Attorney proper:

"Q. Is it a fact that you were convicted of a felony? (Objection overruled, R. 47.)

"Q. Isn't it a fact Richard that you were convicted in a criminal court of record in Polk County of a felony and now await sentence in that court?" (Objection overruled, R. 47.)

The record discloses ample substantial evidence to prove every element of the offense and, therefore, the first question must be resolved against the plaintiff in error.

The contention presented by the second question is grounded on the following which occurred in the progress of the trial when defendant was testifying as a witness in his own behalf, to-wit:

"Q. You are the defendant in this case?

"A. Yes sir.

"Q. Isn't it a fact that you were convicted of a felony?
* * *

"MR. BASS: The question is objected to on the ground that it is not in cross.

"THE COURT: Go ahead, Mr. Boyle.

"Exception noted for defendant.

"Q. Isn't it a fact Richard that you were convicted in a criminal court of record of Polk County of a felony and now await sentence in that county?

"Mr. Bass: The question is objected to as having nothing to do with this case and only asked to prejudice the jury.

"The Court: Counsel has the right to ask the *the* defendant if he has ever been convicted of crime.

"The objection is overruled.

"Exception noted for defendant.

"A. I didn't understand what you said.

"Q. Isn't it a fact that you were convicted on your plea of guilty in a criminal court of record in Polk County, Florida, and now await sentence in that court at Bartow?

"A. Did I plead guilty there?

"Q. I will ask you the question again: Isn't it a fact that you were convicted upon your plea of guilty to a felony in the criminal court of record of Polk County at Bartow this year?

"A. I don't know sir whether I was or not.

"Q. Answer yes or no?

"A. I say I don't know whether I was or not.

"Q. Do you remember being in court down there?

"A. Yes sir.

"Q. What did you do?

"A. They carried me up before the court.

"Q. Did you plead guilty or not guilty?

"A. Plead guilty.

"Q. Now that was this year, was it not?

"A. Yes sir."

The contention of plaintiff in error is without merit as it has been many times determined by this Court. In Cross v. State, 96 Fla. 768, 119 Sou. 380, we said:

. "This Court has held in numerous cases that where an accused while on trial voluntarily offers himself as a witness on his own behalf, he thereby voluntarily subjects himself to any legitimate cross-examination, whether such cross-examination tends to incriminate him or not, and the State has the right on cross-examination to interrogate him as to whether he has been previously convicted of a criminal offense. Herndon v. State, 72 Fla. 108, 72 So. Re. 833; Squires v. State, 42 Fla. 251, 27 So. R. 864; Daly v. State, 67 Fla. 1, 64 So. R. 358; Hoskins v. State, 70 Fla. 186, 69 So. R. 701. Of course, there are limits beyond which this character of cross-examination cannot be pursued. For instance, where the accused admits the fact of a former conviction, this character of cross-examination cannot be further pressed upon the accused merely for the purpose of showing that the accused having been convicted of other crimes of like character, would be likely to commit the crime with which he is charged. Martin v. State, 86 Fla. 616, 98 So. R. 827."

It can serve no useful purpose to say more.

The judgment should be, and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—Was there any substantial evidence to prove that the killing was done from a premeditated design? I do not think so. There was no evidence of motive, or of unfriendliness between the two men. Just what occurred between them is not known. The testimony of one witness brought out by leading question tended to

show that the defendant shot the deceased; that is, he said "the flash" of the pistol came from defendant. That is about all. The State did not call any of the witnesses whose names were on the indictment, but proved its case by entirely different witnesses. I think the motion for new trial should have been granted.