PER CURIAM.
Appellant Page, was convicted of the crime of perjury by a jury verdict and judgment- of guilt entered in the Criminal Court of Record of Palm Beach County. The perjury charge grew out of a trial and *305 acquittal of Page on a charge of bookmaking which had previously been heard in the same court. At the bookmaking trial, Page testified in his own behalf. It is alleged in the perjury information that on cross-examination in the former trial, Page testified falsely on certain material issues. In the instant case the jury found the appellant guilty of perjury and he was sentenced to a term in the State prison.
The principal contention submitted for reversal is the claim that a party is not liable to prosecution for perjury because of false testimony given at a trial for another offense which resulted in his acquittal. So far as this record reveals, the appellant’s acquittal on the bookmaking charge could have resulted from testimony other than his own or it could have resulted from the failure of the State to carry the burden of proving the bookmaking offense to the exclusion of a reasonable doubt. The decisions of the Supreme Court of Florida have sustained the view that acquittal of a charge in a criminal proceeding will not preclude a subsequent trial for perjury committed in the course of the trial of the first charge. Herndon v. State, 72 Fla. 108, 72 So. 833; Yarbrough v. State, 79 Fla. 256, 83 So. 873; 41 Am.Jur. Perjury, Section 53.
The principal questions to which Page allegedly gave false answers in the bookmaking trial dealt with his bookmaking activities in Palm Beach and Broward Counties. In answer to a question as to whether he had engaged “in any form of bookmaking, take [sic] bets on the outcome of horse races, and placing bets on the outcome of horse racing, disseminating race results, either in Palm Beach County or Broward County” the appellant replied, “no”. In the subsequent perjury trial one witness for the State testified regarding Page’s bookmaking activities in Palm Beach County. There was no corroboration of this testimony. It would, therefore, be insufficient in and of itself to support a perjury conviction. This is because of the rule that the falsity of a material statement to sustain a perjury conviction must be proved by the testimony of two witnesses or one witness and other independent corroborating circumstances. Tindall v. State, 99 Fla. 1132, 128 So. 494; Keir v. State, 152 Fla. 389, 11 So.2d 886. This same witness, however, described an inter-county bookmaking operation conducted by the appellant in Palm Beach and Broward Counties. There was located in Palm Beach County a so-called telephone “relay station” to serve betters in that county as well as a similarly equipped station in Broward County. There was an inter-connecting phone system established for the purpose of relaying betting information between the two counties without the necessity of long distance telephone calls which would be recorded. At the perjury trial other witnesses testified at considerable length as to appellant’s bookmaking activities in Broward County.
The question arises as to whether appellant’s denial of engaging in the taking of horse race bets in Broward County could be material in his former trial for engaging in bookmaking activities in Palm Beach County. It should be recalled that the State’s principal witness had testified regarding Page’s activities in both counties with particular reference to the inter-county telephone operation. In the perjury trial this same witness testified • that he had given “about the same testimony” at the bookmaking trial. When Page testified at the bookmaking trial that he had not engaged in the taking or placing of horse race bets or disseminating racing information in Broward County, such testimony tended to refute the testimony of the State’s witness to the contrary and it was, therefore, to that extent collaterally material to the issues before the court in the bookmaking trial. In other words, in the first trial the State produced a witness who testified regarding the inter-county operations of the appellant. When the appellant in that trial denied any such activities in Broward County he was to that extent reflecting adversely on the veracity of the State witness. In so doing his testimony *306 was material to the issue in the bookmaking trial and the falsity thereof could furnish a basis for the subsequent perjury charge.
We have examined the other errors assigned and find them to be without merit. The judgment is affirmed.
ALLEN, C. J., SHANNON, J., and THORNAL, CAMPBELL, Associate Judge, concur.