## No. 2965.

### ISAIAH PIPES *v.* THE STATE.

1. PERJURY—TESTIMONY DELIVERED BEFORE THE GRAND JURY is testimony delivered "under circumstances in which an oath is required by law," and a false statement made by a witness in his testimony before the grand jury may be assigned and prosecuted as perjury.

2. SAME—INDICTMENT.—A false statement made under oath, in the course of a proceeding in which an oath is required by law, whether the person is admitted to testify legally or otherwise, or whether he testifies voluntarily or otherwise, is perjury. An exception to this rule is when a person has been forced to testify to facts which would tend to inculpate himself in a crime. If such facts exist, and do not appear upon the face of an indictment, it devolves upon the accused to establish them by proof. See the statement of the case for an indictment *held* sufficient to charge perjury.

APPEAL from the District Court of Freestone. Tried below before the Hon. Sam R. Frost.

The conviction in this case was for perjury, and the penalty assessed against the appellant was a term of five years in the penitentiary.

The charging part of the indictment reads as follows: "* * Isaiah Pipes, late of the county of Freestone, laborer, on the fifth day of September, year of Our Lord, 1888, with force of arms in the county of Freestone, and State of Texas, did then and there personally appeared before the duly organized grand jury for said county, which was then and there in session for the September term, A. D. 1888, of the district court for said county, and of which said grand [jury] J. J. DeBorde was then and there the legally appointed foreman, and the said Isaiah did then and there take his corporal oath, and was duly sworn as a witness before said grand jury, said oath being then and there duly administered to him by the said foreman of said grand jury, who was then and there authorized by law to administer the same, which said oath was so administered for the ends of public justice, whereupon it then and there became and was a material inquiry before said grand jury, and necessary for the administration of the criminal law of said State, whether the said Isaiah Pipes, in the county aforesaid, on or about the seventeenth day of July, A. D. 1888, in a fight with one Adam Durham, struck said Durham with anything but his fist, and whether said Isaiah cut said Durham, and whether said Isaiah Pipes used any knife or other weapon on him, the said Durham, in that fight; and whether said Pipes had in that fight any razor or any knife or sharp weapon; and the said Isaiah Pipes did, on the day hereinbefore first named, in said county, before and to said grand jury, under the sanction of said oath administered to him as aforesaid, wilfully and deliberately state and testify that he, the said Pipes, in the county aforesaid, on or about the seventeenth day of July, 1888, in the fuss he had with Adam Durham, only struck said Adam with his fist, and that he, the said Isaiah, never cut the said Adam at all; and that he, the said Isaiah Pipes, never used a knife or any other weapon on him, the said Adam, in that fight, and that he, the said Pipes, in that fight, didn't have any razor, or any sharp weapon; whereas in truth and in fact, the said Isaiah Pipes, in the county and State aforesaid, on or about said seventeenth day of July, 1888, in a fight with said Adam Durham, did strike said Adam Durham with some sharp weapon, and did cut said Adam, and did have and use a knife or some other

weapon, on him, the said Durham, in said fight; which said statement so made by him, the said Pipes, before and to the said grand jury as aforesaid, was wilfully and deliberately false, and the said Pipes knew the same to be false when he made it; against," etc.

The record contains no statement of facts.

No brief on file for appellant.

W. L. Davidson, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for perjury. Appellant excepted to the sufficiency of the indictment upon several grounds, none of which, in our opinion, were well taken.

It appears from the indictment that the grand jury were investigating the facts attending a fight between one Adam Durham and appellant; that appellant was a witness before the grand jury and testified as to certain facts relative to the fight, which were quite material; that certain statements made by appellant in his testimony before the grand jury were assigned for perjury.

It is contended by appellant that he being an interested party in such investigation, though he may have sworn falsely to material facts, still he was not guilty of perjury, because the indictment contains matter which is a legal defense to the prosecution. 2. Because it is not alleged that appellant voluntarily appeared and testified before the grand jury.

Are these valid objections? The first is if sustained by the record, which is not the case. The second is not. Another position is assumed, the decision of which will determine those relied upon. It is that the statement was not made under circumstances in which it was required or demanded by law.

The position assumed is that, as defendant made the statement assigned for perjury in an investigation in which he was interested, that he was testifying against himself, and hence perjury could not be assigned upon his testimony.

To be perjury, the oath must be administered under circumstances in which an oath is required by law. (Penal Code, art. 188.) Were the circumstances such as that the law required the oath? Evidently they were. (Code Crim. Proc., art. 407.) The grand jury were regularly impaneled, were in session, and were investigating a certain transaction in which the law may

have been violated. Before this body appeared the appellant, whether voluntarily or not does not appear. The grand jury proposed to examine him touching his knowledge of the facts of the transaction or fight. Before entering upon the examination of appellant as a witness the law required that he be sworn. Hence the oath was required by law. But it is contended that appellant was an incompetent witness. This is another question which will be noted briefly.

This we take to be a correct proposition: If the witness be illegally admitted to testify, and he swears falsely, such swearing will be perjury. (Montgomery v. The State, 10 Ohio, 221; Vansanborgh v. Kirtz, 10 Johns., 166; The State v. Whisenhunt, 2 Hawks's Law and Eq., 458.)

Says Mr. Bishop: "The witness need not have been brought into court by a subpœna, nor need he be compelled to testify; for if he does give evidence under oath, it is the same, whether reluctantly or voluntarily. And if a party becomes a witness for himself, when his testimony is not by law receivable, he may still commit the crime of perjury; though the contrary seems to have been held in one case." (2 Bish. Crim. Law, sec. 1019.)

But, let us suppose that a witness is forced to testify before a grand jury or court to facts tending to criminate himself, and perjury is attempted to be assigned upon statements made by him under such state of case, could the prosecution be legally sustained? We think not. This state of case, however, does not appear, and if these were the facts in this case, it not appearing in the indictment, appellant should have shown the facts.

There is no statement of facts, and it will not be presumed that the grand jury violated the plain provisions of the law and compelled the accused to criminate himself.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*