WILLIAM CRAFT PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Perjury Committed Before Grand Jury—Indictment For.

1. An investigation by a grand jury of a crime that is within its jurisdiction to investigate and to indict for is a judicial proceeding in a court of justice, and perjury committed before them in such an investigation falls within that phase of the crime provided for by section 2561 of the Florida Revised Statutes.
2. In an indictment for perjury it is an essential allegation that the party charged was duly sworn, and that the oath was administered to him by some one authorized .by law to administer such oath.

Writ of Error to the Circuit Court for Baker county.

The facts in the case are stated in the opinion of the Court.

*Leonidas E. Wade,* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error, hereinafter called the defendant, was indicted for perjury at the Fall term, 1899, of the Circuit Court for Baker county; was tried, convicted and sentenced therefor at the Spring term, 1900, of said court and took writ of error.

The sixth assignment of error is the overruling of the defendant's motion in arrest of judgment. This motion was upon the following grounds: 1st. The indictment does not charge an offence under the laws of Florida.

2nd. The indictment purports to charge a crime to-wit: of perjury, committed in a judicial proceeding, and then and therein recites that the false oath (if taken at all) was taken before the grand jury of said county, and was not committed before the court on trial of indictment or information before a court.

3rd. The crime as appears in the laws of Florida in sections 2560 and 2561 (Rev. Stats.) are separate and distinct offences and can not be blended together. A person cannot be convicted on an indictment found for perjury in a judicial proceeding when the false oath was taken before the grand jury of the county. The grand jury is no judicial body, and cannot hear and determine nor settle a matter judicially.

The indictment assailed by this motion is as follows: "In Circuit Court, for the Fourth Judicial Circuit

of-Florida, Baker county, Fall term, in the year of our Lord one thousand eight hundred and ninety-nine.

State of Florida, vs. William Craft. Indictment for perjury.

In the name and by virtue of the State of Florida:

The grand jurors of the State of Florida, empanelled and sworn to inquire and true presentments make in and for the body of the county of Baker, upon their oath do present that one William Craft, late of the county of Baker and State of Florida, on the 3rd day of April, in the year of our Lord one thousand eight hundred and ninety-nine, in the county and State aforesaid with force and arms at and in the county of Baker aforesaid, at the Spring term of the Circuit Court of the State of Florida in and for said county of Baker, and the said William Craft being then and there brought before the presence of the grand jury of said county, then and there lawfully empanellel and sworn, to testify before said grand jury, as to certain matters and things, concerning and respecting the killing and murder of one George P. Canova, who was killed and murdered in said county of Baker on the 5th day of June, A. D. 1898, of which said killing and murder the aforesaid grand jury was then and there inquiring, and the said inquiry of the said grand jury being then and there a judicial proceeding under and by virtue of the laws of the State of Florida; and the said William Craft being then and there in the presence of the said grand jury, was then and there lawfully required to depose the truth and was then and there duly and lawfully sworn to depose the truth as to certain material matter and things concerning the killing and murder of the said George P. Canova; and the said William Craft, being

then and there lawfully sworn to depose the truth and
it being material to the finding and inquiry
pending before the said grand jury as aforesaid
to inquire and asceratin who the person or persons
was or were who killed and murdered the said George
P. Canova, and the aforesaid William Craft being then
and there duly sworn to depose the truth, and having
duly sworn to depose the truth, did wilfully, corruptly,
wickedly, maliciously and falsely swear and testify that
he was at the scene of the killing and murder of the said
George P. Canová in the said county of Baker on the
5th day of June, A. D. 1898, and that he then and there
saw one William P. Rigdon and two other persons be-
fore said killing and murder at said time, and that the
said William P. Rigdon spoke to him of and concern-
ing the proposed killing and murder, and was then and
there present, when the said William P. Rigdon and
the aforesaid two other persons did kill and murder the
said George P. Canova, which said testimony and de-
position of the said William Craft, given before and in
presence of the said grand jury, was wilfully, corruptly,
wickedly and maliciously false and untrue, the truth in
fact being that the said William Craft was not on the
5th day of June, A. D. 1898, at the scene of the killing
and murder of the said George P. Canova, and did not
see the said William P. Rigdon and the two other per-
sons on said day at the scene of the said killing and
murder, and the said William P. Rigdon did not speak
to the said William Craft of and concerning the pro-
posed killing and murder, and the said William Craft
was not then and there present and did not see the said
William P. Rigdon and the two other persons kill and
murder the said George P. Canova, wherefore the grand

jury aforesaid, on their oath aforesaid, do say that the said William Craft aforesaid, in manner and form aforesaid, and in the presence of the grand jury aforesaid at the Spring term of the Circuit Court of the State of Florida, in and for the county of Baker, in the year 1899 as aforesaid, did wilfully commit the crime of perjury, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Florida.

Augustus G. Hartridge, State Attorney 4th Judicial Circuit, prosecuting for said State of Florida."

The position taken in this motion, that perjury committed before a grand jury in the investigation by it of a crime is not perjury committed in a judicial proceeding in a court of justice, is untenable. We think that an investigation of a crime by a grand jury, that is within its jurisdiction to investigate and to indict for, is a judicial proceeding in a court of justice and that perjury committed before them in such an investigation falls within that phase of the crime provided for by section 2561 of our Revised Statutes. Under our judicial system a grand jury is an appendage or adjunct to the Circuit Court; and in those felonies triable alone upon indictment, it is their exclusive province as such adjunct of the court to prefer such indictments after investigation made by them. In the case of Cherry v. State, 6 Fla. 679, text 685, they are spoken of as "a co-ordinate branch of the judiciary." Pipes v. State, 26 Tex. App. 318, 9 S. W. Rep. 614; People v. Greenwell, 5 Utah 112, 13 Pac. Rep. 89; Commonwealth v. Parker, 2 Cush. 212; State v. Offutt, 4, Blackf. (Ind.) 355.

The first ground of the motion in arrest is well taken. The indictment is fatally defective in its failure

to allege that the oath alleged to have been taken by the defendant in the presence of the grand jury was administered to him by some officer or person authorized by law to administer such oath. In indictments for perjury it is an essential allegation that the oath was administered to the defendant by some one authorized by law to administer such oath. 2 Whart. Crim. Law §§ 1287, 1288 and 1289; 2 Bish. Cr. Proc. § 914; King v. Callanan, 9 Dowl. & Ry. 97; Queen v. Overton, 4 Ad. & E. 83. Freeman v. State, 19 Fla. 552. This indictment does not even allege that the defendant was sworn by or before the grand jury, neither does it allege that the defendant was duly or lawfully sworn by any one authorized by law to administer such oath. In this respect it is fatally defective, and no crime is alleged therein, and it is such a defect as is not cured by the verdict. As this disposes of the entire case, it is unnecessary to notice the other assignments of error.

The judgment of the court below is reversed with directions to quash or *nolle prosequi* the indictment.