WILLIS BENNETT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 4, 1913.

1.  An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial damger of a new prosecution for the same offense.

2.  There is no error in refusing special instructions upon matters covered by the general charge of the trial judge.

Writ of error to the Circuit Court for Calhoun County.

Judgment affirmed.

*Thomas E. Walker*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, for the State.

HOCKER, J.—Willis Bennett, the plaintiff in error, was indicted in the Circuit Court for Calhoun County at the Fall term, 1912, for perjury, alleged to have been committed by him as a witness for his brother Hosea Bennett, who was then being tried for an alleged aggravated assault upon J. L. Cain. The plaintiff in error was tried and convicted at the same term. He was sentenced to imprisonment in the State Prison for twelve months. He has brought the judgment here in writ of error, for review. A motion was made to quash the indictment, which was denied. The first ground of the motion is that "the indictment is vague, indefinite, uncertain and insufficient, and states no offense against this defendant." No particular defect is pointed out in the motion, but in the brief it seems to be contended that the indictment is defective in not clearly alleging the facts showing the perjury. The indictment is a long one, giving in detail the facts, and we do not think it necessary to set it out here. We have read it carefully and we think it is not obnoxious to the criticism made. It does not appear to us to be so vague, indistinct or indefinite as to mislead the accused, or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense. Sec. 2962 Gen. Stats. of 1906. The indictment seems to be in substantial conformity to the rules laid down in Fudge v. State, 57 Fla. 7, 49 South. Rep. 128, and other decisions of this court.

The third ground of the motion is next discussed, and alleges that the indictment fails to charge that the said false oath and testimony was false and material. The cases of Miller v. State, 15 Fla. 577, and Robinson v. State, 18 Fla. 898, are referred to as sustaining this ground. In the last of these cases the indictment was

approved and it is no stronger, and is very similar in form to the one in the instant case. In the former the form of the indictment was not reviewed. The case turned on charges of the court. We refer to our discussion of the previous assignment. We find no reversible errors. What we have said is applicable to the next ground of the motion.

The next assignment presented is based on the ruling refusing to grant a motion for a new trial. It is contended under this assignment that Willis Bennett was not sworn as a witness. We fail to see the point of this assignment as the Clerk of the Court, S. B. Atkins, was sworn as a witness and testified that he administered the oath to Bennett, giving the language of the oath, and no one testified to the contrary. The sufficiency of the oath is not otherwise questioned.

The seventh assignment of error is based on the refusal of the court "to give special charges Nos. 1, 3, 4, 5, 6, and 7, asked for by the defendant." The record shows that the plaintiff requested certain special instructions to the jury numbered 1, 3, 4, 5, 6 and 7, and then the following: But the court refused to give said charges numbered 1, 3, 4, 5, 6 and 7, to which refusal the defendant then and there excepted as to all of the refused charges. The assignment filed in making up the bill of exceptions, in the fifth ground, is as follows: "The court erred in refusing to give special charges requested by the defendant, numbered 1, 3, 4, 5, 6, and 7."

The requested instruction No. 1, is as follows: "If you believe from the evidence that the defendant, Willis Bennett, testified in the trial of Hosea Bennett and his testimony was such as alleged in the indictment, but you are not convinced beyond a reasonable doubt that said testimony was wilfully false, then you should acquit

the defendant." The court in his general charge instructed the jury: "If you gentlemen should have a reasonable doubt as to whether or not the defendant testified upon the trial of Hosea Bennett, as alleged in the indictment, or should have a reasonable doubt in your mind, even though he did so testify, as to whether or not such testimony was false and that it was given knowingly, wilfully and maliciously, then it would be your duty to give him the benefit of such doubt and find him not guilty." The court also charged fully on the subject of reasonable doubt, and defined it. It seems to us that this instruction No. 1 is substantially embraced in the general charge, and the same may be said of several of the other requested instructions.

Under the rule laid down frequently in this court where there is but one exception to the refusal to give several instructions, the court need examine no further after seeing that one was properly overruled. Griffin v. State, 48 Fla. 42, 37 South. Rep. 209. The record shows that the plaintiff in error had a fair trial, and we find no reversible error in the record.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.