FIERCE PALMORE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 9, 1913.

1. Assignments of error not argued may be treated as abandoned.

2. A motion for a new trial is not a part of the record proper, but must be embodied in the bill of exceptions, together with the ruling thereon and the exception to such ruling, in order to present to the appellate court for consideration an assignment of error based upon the denial of such motion.

3. Assignments of error based upon the exclusion of proffered testimony, in order to be available, must be so presented to an appellate court as to make it appear that such excluded testimony was relevant and material, or otherwise proper to be admitted.

Writ of error to the Criminal Court of Record of Walton County.

Judgment affirmed.

*H. L. Grace,* for Plaintiff in Error.

*T.·F. West,* Attorney General, and *C. O. Andrews,* for the State.

SHACKLEFORD, C. J.—Fierce Palmore seeks relief here from a conviction of the crime of assault with intent to commit manslaughter. Six errors are assigned, the first of which is based upon the order overruling the motion for a new trial, but, as this assignment is not argued here, it must be treated as abandoned. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656. We would further call attention to the fact that this assignment could not be considered by us for the reason that such motion, with the ruling thereon and the exception to such ruling, are not evidenced to us by the bill of exceptions, but appear only in the record proper. See Johnson v. State, 53 Fla. 42, 43 South. Rep. 430, and Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392. The five remaining assignments are grouped together and are argued in the most general way. They are all based upon the refusal of the trial court to permit the defendant to show a previous difficulty between him and the person upon whom the assault was made some four or five months prior thereto. We have repeatedly held that assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted. Boykin v. State, 40 Fla. 484, 24 South. Rep. 141; Wright v. State, 42 Fla. 239, 27 South. Rep. 863; McCall v. State, 55 Fla. 108, 46 South. Rep. 321; McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; Covington v. Clemons, 61 Fla. 151, 55 South. Rep. 81. It is sufficient to say that the

plaintiff in error has failed to comply with this require-
ment, as laid down in the cited cases.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., con-
cur.