W. B. Jarvis, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed March 13, 1917.

1. An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense.

2. Matters that are not essential elements of the offense charged in an indictment or information, but are in the nature of a defense, need not be negatived.

3. Assignments of error based upon the conclusion of proffered testimony, in order to be available, must be so presented to an appellate court as to make it appear that such excluded testimony was relevant and material, or otherwise proper to be admitted.

4. A requested instruction is properly refused when the matters of law embraced therein have been fully and more correctly covered in the charge and instructions previously given.

5. Evidence examined and found sufficient to support the verdict.

Writ of Error to Circuit Court for Jackson County; Cephas L. Wilson, Judge.

Judgment affirmed.

*W. E. B. Smith,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—W. B. Jarvis seeks relief here from a conviction of the crime of perjury. The first assignment is based upon the overruling of the motion to quash the indictment. The indictment is quite lengthy and it would serve no useful purpose to set it out in its entirety. Suffice it to say that it alleges the pendency of a certain chancery cause in the Circuit Court in and for Jackson County, wherein M. L. Dekle was complainant and W. B. Jarvis was defendant, in which H. A. Bowles had been appointed receiver and in the order appointing such receiver W. B. Jarvis was required forthwith to surrender to the receiver a certain described contract and

note. The indictment further alleges that such receiver had made a report to the court in which he set forth that Jarvis had failed and refused to surrender to such receiver such papers, whereon the court made an order, commanding the Sheriff to bring Jarvis forthwith before the court to show cause why he should not be held in contempt of court and punished therefor. The indictment then proceeds with the following allegations: "And thereafter on the said 25th day of September, A. D. 1916, the said W. B. Jarvis, appeared in custody of H. A. Bowles, Sheriff of Jackson County, Florida, in the said court and before the Honorable Cephas L. Wilson, Judge of said Court, the said court being then and there open and sitting in Jackson County, Florida, at Marianna, the County Seat, to show cause why he should not be held in contempt of said court and punished therefor. And it then and there became and was a material matter of which the said court then and there had jurisdiction for the said court and Judge to know and be informed why the said W. B. Jarvis had not surrendered forthwith to the said Receiver, the said Contract or Lease and the said Note. And the said W. B. Jarvis, then and there in Jackson County, Florida, with his own consent, in due form of law, was sworn as a witness in his own behalf by the Honorable Cephas L. Wilson Judge of said Court, and he the said W. B. Jarvis, then and there, voluntarily, with his own consent, took an oath as a witness to tell the truth, the whole truth and nothing but the truth, the said oath being administered by the said Judge, touching the said matter of disobedience of the order of said court; and he the said W. B. Jarvis, then and there, upon his oath as a witness aforesaid, did wilfully, wickedly, corruptly, designedly and falsely swear and depose that the reason he did not deliver the said Contract or Lease, and

the said Note, to the said Receiver was, that at the time the said Receiver made demand for the said Contract or Lease and the said Note, the same were locked in a safety deposit box in the Bank of Greenwood, at Greenwood, Fla., and that it was late Saturday evening, September 23rd, 1916, when said demand was made, and that said bank was closed, and that he could not get to said papers on account of their being locked in said safety deposit box in the said bank and the said bank being then closed.

"That the said statements, depositions and testimony, of the said W. B. Jarvis, so made and given under his oath aforesaid, to the effect that the said Contract or Lease and the said Note, at the time the said Receiver made demand for same, were locked in a safety deposit box in the Bank of Greenwood, at Greenwood, Fla., and that he could not get to said Contract or Lease and said Note on account of their being locked in said safety deposit box in said bank, were then and there knowingly, designedly, wilfully, wickedly and corruptly perjured, false and untrue, and the said W. B. Jarvis then and there well knew the said statements, depositions and testimony, in the particulars aforesaid, were false, perjured and untrue, but notwithstanding, he the said W. B. Jarvis, then and there, in the said court, in said cause, then and there the same, upon their oath aforesaid, testified and swore for the purpose of deceiving the said court, and cause the said court to release him from arrest and punishment for the said contempt of court.

"That whereas, in truth and in fact, the truth of the said matters then and there so sworn and testified to by the said W. B. Jarvis, was that the said Contract or Lease and the said Note, were not in a safety deposit box in the Bank of Greenwood, at Greenwood, Fla., when the said Receiver made demand upon the said W. B. Jarvis

for the same, but were in some other place to the Grand Jurors unknown, and this fact the said W. B. Jarvis then and there well knew to be true.

"So the Grand Jurors aforesaid, upon their oath aforesaid, say, the said perjury, he the said W. B. Jarvis, did in manner and form aforesaid then and there commit.

"Contrary to the form of the statute in such cases made and provided, to the evil example of all others in like cause offending, and against the peace and dignity of the State of Florida."

The motion to quash is as follows:

"Now comes defendant and moves the court to quash the Indictment herein upon the following grounds, to-wit:

"1.    Because said indictment is vague, indefinite, uncertain and does not sufficiently allege any offense to have been committed by defendant.

"2.    Because said indictment fails to allege that defendant had access to the papers mentioned.

"3.    Because said indictment fails to allege that defendant knew where the papers mentioned were.

"4.    Because said indictment fails to allege that defendant did not know or have reason to believe that papers in question were as stated."

We have carefully read the brief of the defendant in support of this assignment and have also examined the following authorities which he cites and upon which he relies: Craft v. State, 42 Fla. 567, 29 South. Rep. 418; Brown v. State, 47 Fla. 16, 36 South. Rep. 705; Markey v. State, 47 Fla. 38, 37 South. Rep. 53; Fudge v. State, 57 Fla. 7, 49 South. Rep. 128, 17 Ann. Cas. 919. We are of the opinion that these authorities fail to support his contention. The indictment would seem to measure up to the requirements which we laid down in Fudge v. State, *supra*. Also see the excellent note to this case on

page 921 of 17 Ann. Cas., wherein numerous authorities are cited from other jurisdictions. As we held in Bennett v. State, 65 Fla. 84, 61 South. Rep. 127, "An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense." Also see Goff v. State, 60 Fla. 13, 53 South. Rep. 327, and Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150, for a discussion concerning the essential elements of indictments generally, wherein we held that "matters that are not essential elements of the offense, but are in the nature of a defense need not be negatived in charging the offense." State v. Pearce, 14 Fla. 153, will also be found instructive. This assignment must be held to have failed.

The only other assignment is the second, which is based upon the overruling of the motion for a new trial. It is contended that the evidence is insufficient to support the verdict. We cannot agree with the defendant in this contention. It would be a fruitless task indeed to set out all the evidence adduced at the trial, or even to attempt a synopsis thereof. A careful reading of the evidence convinces us that it is amply sufficient, therefore we feel constrained to concur with the jury and the trial judge in so holding.

The defendant took the witness-stand in his own behalf and proceeded to testify, during the course of which he stated that he "was bothered," whereupon the following question was propounded to him by his counsel, "What were you bothered about?" The State interposed an objection to this question, which was sustained, and one of the grounds of the motion for a new trial is that this ruling constitutes reversible error. Again we find

ourselves unable to agree with the defendant. We have repeatedly held that assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted. See Palmore v. State, 65 Fla. 539, 62 South. Rep. 581, where numerous prior decisions of this court are cited. It is sufficient to say that the defendant has failed to comply with this requirement, as laid down in the cited cases. Leaptrot v. State, 51 Fla. 57, 40 South. Rep. 616, cited and relied upon by the defendant. is not in point, as no such failing condition of the defendant's mind and memory is shown to have existed in the instant case.

The fifth ground of the motion is based upon the refusal of the trial court to give the following requested instruction, which ruling was duly excepted to: "The defendant is presumed to be innocent throughout the trial of his case until the State proves his guilt and the fact his testimony may have been untrue does not of itself mean he is guilty of this offense."

No error is made to appear here, as the principle had been fully and more correctly embraced in the charges and instructions previously given.

The judgment will be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.