ERIN SETTLES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed February 21, 1918.

1. An allegation that the defendant was "duly sworn according to law," is a sufficient allegation that the defendant was "lawfully required to depose the truth," as used in the statute defining perjury.

2. Where testimony is not wholly irrelevant or improper it may not be stricken after being admitted without objection.

3. In a prosecution for perjury the giving of the alleged false testimony may be proven by witnesses who heard it.

4. Where it does not clearly appear that a juror was subject to challenge for cause, the ruling of the court denying the challenge will not be disturbed, particularly where it does not appear that the defendant was forced to exhaust his peremptory challenges to his injury.

5. It is not error to refuse requested charges (1) that are in substance covered by charges given; (2) that have no basis in the evidence under the issue; (3) that are not relevant to the issues being tried, or (4) that are incorrect as propositions of law.

6. A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or

in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendant.

Writ of Error to Circuit Court for Okaloosa County, A. G. Campbell, Judge.

Judgment affirmed.

W. J. Rice, for Plaintiff in Error;

Van C. Swearingen, Attorney General, and W. W. Trammell, Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a conviction for pergery. The statute provides that "Whoever being lawfully required to depose the truth in any proceeding in a court of justice, commits perjury, shall be punished if the perjury is committed on the trial on an indictment for a capital crime, by imprisonment in the State prison for life or any term of years; and if committed in any other case, by imprisonment in the State prison not exceeding twenty years." Sec. 3473 Gen. Stats. 1906, Comp. Laws 1914.

It is alleged in the indictment that in a stated trial being had the defendant "then and there appeared as a witness, * * * and was then and there duly sworn according to law;" and it is contended that the indictmet was subject to a demurrer interposed thereto on the ground that it is not alleged that the defendant was "lawfully required" to depose. The meaning of the statute in defining the crime is that whoever being law-

fully required to  *depose the truth,* commits perjury
shall be punished as provided.  It is in effect alleged that
the defendant appeared as a witness in the cause and was
by an officer authorized to administer the oath duly
sworn according to law to tell the truth, the whole truth
and nothing but the truth in the cause.   This is a suf-
ficient  allegation  that  the  defendant  was  lawfully
required to depose the truth in the cause, since the law
imposed such a duty upon one thus sworn.   It suf-
ficiently appears from the allegations that an oath was
taken by the defendant in the judicial proceeding
wherein the perjury is charged.   The "corporal act" of
taking the oath is covered by the allegation that the
defendant was duly sworn according to law.   See Fudge
v. State, 57 Fla. 7, 49 South. Rep. 128; Markey v. State,
47 Fla. 38, 37 South. Rep. 53; Bennett v. State, 65 Fla.
84, 61 South. Rep. 127.   The testimony shows the proper
oath was duly administered to the defendant as a wit-
ness in the cause wherein the perjury is alleged.

A witness testified without objection that he was clerk
of the court and administered the oath to the defendant
when the alleged perjury was committed.   After it was
admitted the defendant moved to strike the testimony
of the witness that he was clerk.   This motion was
properly overruled since no objection was made to the
testimony when it was introduced.   If it be regarded
as secondary evidence, objection to its introduction on
that or other proper ground should have been duly made.
The testimony sought to be stricken was not wholly
irrelevant and improper.

A witness was asked if he held any official position
in the county.   He answered: "Yes sir, sheriff."   The
defendant's counsel then merely objected "because that
is not the proper way to prove an official position; it is

merely asking for the opinion of the witness." The objection was overruled and the defendant excepted. There was no motion to strike even if the testimony was subject to objection or to such motion. If the witness was sheriff testimony by him as to that fact was not wholly irrelevant or improper. If it gave weight to his other testimony the defendant cannot complain where the testimony is admissable.

In a prosecution for perjury the giving of the alleged false testimony may be proven by witnesses who heard it. See 30 Cyc. 1446.

Where it does not clearly appear that a juror was subject to challenge for cause, the ruling of the court denying the challenge will not be disturbed, particularly where, as in this case, it does not appear that the defendant was forced to exhaust his peremptory challenges to his injury. Peadon v. State, 46 Fla. 124, 35 South. Rep. 204; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

It is not error to refuse requested charges (1) that are in substance covered by charges given; (2) that have no basis in the evidence under the issue; (3) that are not relevant to the issues being tried, or (4) that are incorrect as propositions of law.

A judgment of conviction will not be reversed on writ of error even if technical errors, were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendant. Seymour v. State, 66 Fla. 133, 63 South. Rep. 7.

The forceful contentions of counsel have been carefully considered and it does not appear that reversible errors

were committed in the trial of the cause. There is ample evidence to sustain the verdict; and the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.