D. C. ALEXANDER, *Plaintiff in Error,* v. J. S. RHINE,
*Defendant in Error.*

Opinion filed August 9, 1919.

An Appellate Court cannot review an order of the trial court
granting or refusing a motion for new trial unless the ruling is
excepted to and the motion, ruling and exception incorporated
in the bill of exceptions. Such motion is not a part of the
record proper, and its incorporation therein is unavailing.

A Writ of Error to the Circuit Court for Broward
County, E. B. Donnell, Judge.

Judgment affirmed.

*J. F. Bunn,* for Plaintiff in Error;

*C. E. Farrington,* for Defendant in Error.

SIMMONS, *Circuit Judge.* The defendant in error,
plaintiff in the court below, sued the plaintiff in error in
the Circuit Court of Broward County for recovery of part
of a commission on the sale of a parcel of real estate,
alleging that he assisted in bringing interested parties to-
gether, and that under a contract between the parties to
the suit he was entitled to half of the commission. The
case went to the jury for trial of the issues made by the
pleadings, and they found in favor of the plaintiff below,
assessing his damages at fifteen hundred dollars and in-
terest, for which amount a judgment was duly entered.
This judgment the plaintiff in error seeks to have reviewed
by this court, his assignments of error all being directed
to alleged error of the court below in denying his motion
for a new trial, the gist of all the assignments being that
the verdict was not supported by the evidence.

At the beginning of discussion of the vital testimony in the case, the brief of counsel for plaintiff in error contains this statement: "From this point the testimony of the plaintiff and his witnesses on the one hand and the defendant and his witnesses on the other hand becomes very conflicting."

Although the case must turn upon a point of practice, we call attention to the well settled doctrine that this court will not disturb a verdict where the vital testimony is conflicting, and the judge of the court below refuses to set it aside, unless the preponderance of the testimony against the verdict is so great as to raise a presumption of passion, prejudice, or some other improper influence. McLeod v. Citizens' Bank of Live Oak, 61 Fla. 350, 56 South. Rep. 190; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 South. Rep. 433; Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 South. Rep. 179, and earlier cases referred to in the cases cited.

But the plaintiff in error took no exception to the ruling of the court below in refusing his motion for a new trial, nor did he even incorporate the motion and ruling in his bill of exceptions. Either of these defects would be fatal in his cause in this court.

In the absence of any exception to an order for a new trial, the sufficiency of the evidence is not properly presented to the Supreme Court. Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392, and earlier cases there cited.

The motion for new trial is copied into the record proper, but no exception to the ruling of the court appears even there; nor could such exception appear in the record proper, because the ruling could be brought before this court for review only by incorporating the motion, ruling and exception in the bill of exceptions.

A motion for a new trial is not a part of the record proper, but must be embodied in the bill of exceptions, together with the ruling thereon and the exception to such ruling, in order to present to the appellate court for consideration an assignment of error based upon the denial of such motion. Palmore v. State, 65 Fla. 539, 62 South. Rep. 581, and earlier cases there cited.

For the reasons stated, the judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837 Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.