E. LONG, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 21, 1919.

1. The inhibition placed by Section 3907 General Statutes of 1906 upon the serving of a grand juror as a member of the trial jury to try an indictment found by a grand jury upon which he served is expressly made conditional upon a challenge being interposed by the defendant for that cause.

2. The effect of the statute is not to absolutely disqualify a grand juror from service on a trial jury to try an indictment found by a grand jury upon which he served, but makes such

service a ground for challenge for cause which may be waived by the defendant or not as he sees proper.

3. By accepting such juror without exercising this right 'of challenge given by the statute, the defendant waives such right and it is too late after verdict to claim the benefit of it.

4 This court has often held that the defendant is not entitled as 'of right to an instruction to the trial jury to return a verdict of not guilty.

5. It is not error for the trial court to refuse to give requested instructions which are substantially covered by charges given.

6. It is well settled that instructions to the jury must be based upon facts in proof and must be applicable to such facts.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*W. E. B. Smith*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WEST, J.—Plaintiff in error, who is hereinafter referred to as defendant, was indicted by a grand jury in the Circuit Court of Jackson County upon a charge of murder. Upon a plea of not guilty to the indictment he was tried and convicted of murder in the second degree. A motion for a new trial was denied by the trial judge and defendant was sentenced by the court to be confined in the State prison at hard labor for a term of his natural life. There-

upon he took writ of error from this court and the case is here for review.

There are two assignments of error: the first that the trial court erred in denying defendant's motion for arrest of the judgment; the second that the trial court erred in denying defendant's motion for a new trial.

The only ground of the motion in arrest of judgment and the first ground of the motion for new trial raise the same question and may be treated together. This question challenges the soundness of an order of the trial judge denying defendant's motion for an acquittal and directing that the trial proceed when it developed after the trial jury had been empaneled and sworn and after the opening statements of the State Attorney had been made to the jury that one of the trial jurors had been a member of the grand jury which returned the indictment against the defendant upon which he was then on trial.

It appears from the record that the juror sitting in the case who had been a member of the grand jury returning the indictment had not been challenged for cause by the defendant upon his voir dire examination.

. The contrary to this contention has been held by this court. The question is controlled by Section 3907, General Statutes, idem Florida Compiled Laws, and reads as follows: "No member of a grand jury which finds a bill of indictment shall be put upon a jury for the trial of that indictment, if challenged for that cause by the defendant. The effect of this statute is to render a petit juror, who formerly sat on the grand jury returning the indictment upon which the trial is proceeding, *subject to challenge for cause* upon his voir dire examination if he should be called as a member of the trial jury, but such service upon the grand jury does not *disqualify* the juror for service as a

member of the trial jury. Gavin v. State, 42 Fla. 553, 29 South. Rep. 405; Denmark v. State, 43 Fla. 182, 31 South. Rep. 269.

In the first cited case the statute under consideration was construed by this court, speaking through Mr. Justice TAYLOR, as follows: "The inhibition here placed upon the serving of a grand juror as a member of the trial jury to try an indictment found by him as such grand juror is clearly and expressly made conditional upon a challenge being interposed by the defendant for that cause. The effect of the statute is not absolutely to disqualify a grand juror from service on a trial jury to try indictments found by such grand juror, but makes it only a ground of challenge for cause, which challenge the defendant may waive or not as he sees proper. By accepting the juror without exercising this right of challenge given him by the statute the defendant waived such right, and it was too late after verdict to claim the benefit of it." It is true that in that case the question was raised after verdict, but in this case the trial was actually in progress and the same principle applies. It necessarily follows that this contention cannot be allowed.

The next contention is that the trial court erred in its refusal to direct a verdict in favor of the defendant. This court has often held that the defendant is not entitled as of right to an instruction to the jury to return a verdict of not guilty. Menefee v. State, 59 Fla. 316, 51 South. Rep. 555; Ryan v. State, 60 Fla. 25, 53 South. Rep. 448; Hughes v. State, 61 Fla. 32, 55 South. Rep. 463; Drayton v. State, 78 Fla.   , 82 South. Rep. 801. There was, therefore, no error in this ruling.

It is also urged that the verdict is contrary to the law and the evidence. A reading of the evidence will, we

think, demonstrate that there is sufficient basis in the evidenec to support the verdict, and it does not appear that there was any other consideration in the case which influenced the jury to render the verdict rendered.

Under the next assignment it is urged that the jury which tried the case was not a legally qualified jury. Nothing was submitted under this assignment that was not considered under the first assignment.

The complaint is also made that there was error in the trial court's refusal to give certain requested charges to the jury. The charges given covered the evidence, and it is not error for the court to refuse to give requested instructions which are substantially covered by charges that are given. Goff v. State, 75 Fla. 87, 77 South. Rep. 877; Fine v. State, 70 Fla. 412, 70 South. Rep. 379; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701; Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590. And it is also settled that instructions to the jury must be based upon facts in proof and must be applicable to such facts. 14 R. C. L. 786; 12 Cyc. 651; Davis v. State, 66 Fla. 349, 63 South. Rep. 847! Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South. Rep. 535; Ward v. State, 75 Fla. 756, 79 South. Rep. 699.

No error having been made to appear, the judgment must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.