GEORGE WARD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 23, 1922.

Petition for Rehearing Denied March 23, 1922.

1. Trial courts exercise a broad discretion in the consideration of applications for continuance of cases before them, and an order granting or denying a continuance will not be reversed by an appellate court unless it is clearly shown that there has been a palpable abuse of discretion to the manifest injury of the party against whom it has been exercised.

2. A motion to quash an indictment should be evidenced to the appellate court by the record proper and not by the bill of exceptions.  When this requirement is not observed and the motion to quash is not so evidenced to the appellate court, it will not be considered.

3. The policy of waiting until after the trial of a case to attack an indictment or information because of insufficiency in its allegations by a motion in arrest of judgment is not favored. Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or demurrer so that such defects, if any, may be corrected by the filing of another indictment or information before the trial of the case is entered upon.

4. An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense.

5. Technical error committed by a trial court in the reception or rejection of evidence does not necessarily constitute harmful error. It is injury resulting from error that warrants an appellate court in reversing a judgment of the trial court.

6. A judgment of conviction will not be reversed even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused where the evidence of guilt is ample and no fundamental rights of the defendant are infringed.

7. To convict of the crime of perjury the offense must be proved by the oaths of two witnesses or by the oath of one witness and other independent and corroborating circumstances which are deemed of equal weight with another witness. Such is the rule now well established on authority. And the element of the offense which must be so proved is the falsity of the material matter sworn to.

8. Evidence examined and found sufficient to support the verdict of conviction.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Affirmed.

*L. V. Trueman,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—The writ of error in this case was returnable September 2, A. D. 1921, but the transcript of the record was not filed until October 8, 1921, and by stipulation of counsel the times for filing the briefs for plaintiff in error and the State were postponed to January 5 and February 9, 1922, respectively, so that the case is just now ready for consideration by this court.

The crime for the commission of which defendant, plaintiff in error here, was convicted is perjury. The offense charged and the assignment of perjury contained in the indictment are that in the trial of a case in the county judge's court in which the accused was charged with the crime of larceny "it then and there became and was a material matter, of which the said Court then and there had jurisdiction, for the said Court and Jury to know and be informed whether I. D. Bodie, a witness for the State in due form of law sworn as a witness in behalf of the State by E. M. Magaha, Judge of said Court, had attempted to procure George Ward at Chumuckla, Florida, about 11:00 o'clock A. M. on Saturday, May 14th, to swear falsely in behalf of the State in the trial of said Herman Watson aforesaid, by offering to pay him, the said George Ward Ten Dollars ($10.00) to swear in the trial of the case of the State of Florida vs. Herman Watson charged with larceny of a plow; that Herman Watson had told him, the said Geo. Ward, that he, Herman Watson, had stolen the plow,

the subject of larceny in question, and he the said George Ward in the trial of said cause aforesaid upon his oath as witness aforesaid, did unlawfully, wilfully, wickedly, corruptly, designedly and falsely swear and depose in substance that I. D. Bodie did on Saturday, May 14th, A. D. 1921, about eleven o'clock A. M. at Chumuckla, Florida, in the presence of Tom Ellis talk with the said George Ward and one Tom Ellis, and that he, I. D. Bodie, offered to pay him the said George Ward the sum of Ten Dollars ($10.00) if he would swear in behalf of the State of Florida in the trial of the aforesaid case between the State of Florida and Herman Watson; 'that Herman Watson had told him, the said George Ward, that he, Herman Watson, stole the plow of I. D. Bodie, in question' that the said testimony of the said George Ward so made and given under his oath to the effect and in substance that he the said George Ward had had a conversasion with I. D. Bodie in the presence of Tom Ellis at Chumuckla, Florida at about eleven o'clock A. M. on Saturday, May 14th, A. D. 1921, and that the said I. D. Bodie had offered the said George Ward Ten Dollars ($10.00) to swear in the approaching trial of the case of the State of Florida vs. Herman Watson; that Herman Watson had told him the said George Ward that he, the said Herman Watson had stolen the plow in question belonging to I. D. Bodie, was then and there knowingly, designedly, wilfully, wickedly, and corruptly perjured, false and untrue, and the said George Ward then and there well knew the said testimony in the particulars aforesaid was false, perjured and untrue, but notwithstanding, he, the said George Ward, then and there in the said Court in said cause, then and there upon his oath aforesaid, testified and swore in substance as aforesaid for the purpose of deceiving the said Court and Jury and to cause the said Court and Jury to acquit Herman Watson of the charge of Lar-

ceny; that whereas in truth and in fact the truth of said matter then and there so sworn and testified to by the said George Ward was that he, the said George Ward was not at Chumuckla, Florida, at the time and place he so swore, and did not have a conversation with the said I. D. Bodie as sworn aforesaid, and the said I. D. Bodie was not at Chumuckla, Florida, as sworn by the said George Ward and did not have any conversation with him, the said George Ward, but the said George Ward was at some other place at the said time to the Grand Jurors unknown, and these facts the said George Ward then and there well knew to be true.''

This writ of error brings up for review the judgment imposing sentence on defendant upon his conviction on this charge.

When the case was called for trial defendant, through his counsel, presented a motion for a continuance of the case. The grounds of the motion are that the case in which the alleged perjury was committed by defendant is still undetermined and that in the event the prosecution against him proceeds to trial in which he is adjudged guilty of perjury as charged he will no longer be competent but will be disqualified as a witness in such case. His solicitude for the party in whose behalf he testifies may be commendable, but the trial court cannot be held to have committed reversible error for not entertaining a like concern. There is no law requiring the court to take any action having for its object the preservation of a defendant's status as a qualified witness in some other pending judicial proceding, the non-observance of which may be said to infringe upon or violate some right possessed by defendant. The trial court may very well have thought that if the action suggested by the motion for a continuance were demanded in

the administration of justice, the same result could be reached by postponing imposition of sentence, in the event defendant was convicted, until after he had given his testimony in the other case and may have been impelled by some such consideration in overruling the motion; that he did not do so would only indicate that he did not share defendant's view. Whatever may have been the consideration moving the court, it cannot be said that the ruling denying the motion was such an abuse of his discretion as to amount to harmful error. This court has frequently said in effect that trial courts may exercise a broad discretion in the consideration of applications for continuance of cases before them, and that an order granting or denying a continuance will not be reversed by an appellate court unless it be clearly shown that there has been a palpable abuse of discretion to the manifest injury of the party against whom it has been exercised. Hall v. State, 70 Fla. 48, 69 South. Rep. 692; Adams v. State, 72 Florida 32, 72 South. Rep. 473; Bolles v. Carson, 73 Fla. 504, 74 South. Rep. 509.

During the progress of the trial, after the defendant had been duly arraigned and several witnesses on behalf of the State had been examined, a motion to quash the indictment was presented. The court declined to consider this motion at this stage of the proceeding on the ground that it came too late. This motion is made a part of the bill of exceptions but is not contained in the record proper. In a number of cases this court has held that a motion to quash an indictment should be evidenced to the appellate court by the record proper and not by the bill of exceptions and that when this requirement is not observed and the motion is not so evidenced it will not be considered. Parramore v. State, 81 Fla. 621, 88 South. Rep. 472; Bell v. State, 61

Fla. 6, 54 South. Rep. 799; Tipton v. State, 53 Fla. 69, 43 South. Rep. 684; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678. This point, therefore, is not so presented that it may be considered.

By a motion in arrest of judgment the sufficiency of the indictment is questioned upon the grounds that it is vague and indefinite and fails to charge the defendant with the offense of perjury; that it does not sufficiently show the materiality of the alleged false testimony of defendant; that it fails to show that the court in which the alleged false testimony was given had jurisdiction of the cause on trial; that it fails to show that any issue was being tried by the court in which the alleged false testimony was given; and that it fails to sufficiently set out the alleged false testimony given by defendant constituting perjury.

The policy of waiting until after the trial of a case to attack an indictment because of insufficiency in its allegations by a motion in arrest of judgment is not favored. In a number of cases this court has said that defects in indictments and informations should be called to the attention of the trial court by a motion to quash or demurrer so that the defects, if any, may be corrected by the filing of another indictment or information. Jones v. State, 75 Fla. 533, 78 South. Rep. 529; Smith v. State, 72 Fla. 449, 73 South. Rep. 354; Adams v. State, *supra;* Barineau v. State, 71 Fla. 598, 72 South. Rep. 179; Barber v. State, 52 Fla. 5, 42 South. Rep. 86.

In the case of Barineau v. State, *supra,* the court said: "Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as

to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction.''

Upon a motion to quash it has been held by this court that ''an indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him to substantial danger of a new prosecution for the same offense.'' Jarvis v. State, 73 Fla. 635, 74 South. Rep. 794; Bennett v. State, 65 Fla. 84, 61 South. Rep. 127; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; Gray v. State, 58 Fla. 54. 50 South. Rep. 538; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678.

The indictment may be imperfect in some respects. The truth of the alleged false swearing could and should have been more positively negatived and its falsity more directly and more fully alleged, but tested by the foregoing rules it cannot be said to be insufficient to sustain a conviction. It is not so meager nor so indefinite in its allegations as to fail to fully inform the defendant of the charge which he was called upon to meet or to mislead or embarrass him in the preparation of his defense or expose him to substantial danger of another prosecution for the same offense. Nor is it so indefinite and defective in its allegations as to wholly fail to allege the offense, or an essential element of the offense, with which defendant is charged and thus render it amenable to successful attack by motion in arrest of judgment.

Several assignments are predicated upon rulings of the trial court admitting or excluding evidence over objections made in behalf of defendant and upon the order denying defendant's motion for a new trial by which the question of alleged insufficiency of the evidence to support the verdict was presented. To discuss each ruling made the basis of an assignment upon this branch of the case would un- necessarily extend this opinion without any corresponding benefit. Even if technical errors were committed in isolated rulings reversal of the judgment does not necessarily follow. It is injury resulting from error that warrants an appelate court in reversing the judgment of the trial court brought to it for review. It is true that before a conviction upon the charge of perjury can be upheld the offense must be proved by the evidence of two witnesses or by the evidence of one witness and other independent and corroborating circumstances equal in weight to the testimony of another witness. Yarbrough v. State, 79 Fla. 256, 83 South. Rep. 873; McClerkin v. State, 20 Fla. 879. This must be conceded to be a perfectly just rule. No one should be convicted of the crime of perjury because one other person may swear to a contradictory state of facts. This simply opposes the sworn statement of one with the sworn statement of another. But the proof adduced at the trial of this case may fairly be said to measure up to the test expressed in the rule just stated. There was one witness only who testified directly to the falsity of the matter sworn to by defendant which is made the basis of the charge of perjury, but this evidence was corroborated by circumstances of sufficient probative weight to equal the testimony of another witness. The alleged false swearing of defendant in substance was that he had been offered a bribe to testify to a certain state of facts in a case then pending in the county judge's court, that this offer was

made at a certain place, at a given time and by a named person. The State, to prove the falsity of this sworn state-ment of defendant, produced the person alleged to have made the offer, who denied that he had made any such offer. In. addition to this evidence the State produced several other witnesses who were at the place about the time the conversation between defendant and the person making the offer was said by defendant to have occurred, who test-ified that they were with the person said to have made the offer and that no such conversation occurred or could have occurred without their knowledge, in fact, that the parties had no conversation whatever at the place indicated or at about the time named by defendant. This was sufficient corroboration to bring the case within the rule announced.

Instructions given and requested instructions refused are also made the basis of several assignments but no re-versible error is found in these rulings of the trial court. If requested instruction which were refused by the court were applicable they were covered by instructions given, and this court has often reiterated the rule that it is not error to refuse to give requested instructions covered by instructions which are given. Long v. State, 78 Fla. 464, 83 South. Rep. 293; Goff v. State, 75 Fla. 87, 77 South. Rep. 877; Fine v. State, 70 Fla. 412, 70 South. Rep. 379; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701. Con-sidering the evidence as a whole the instructions given by the court of .its own motion and those given upon request of defendant, the issues made were fairly presented and no injustice was done the defendant.

There is nothing in the record to indicate that the jury were influenced by any consideration outside the evidence. The evidence is sufficient to support the verdict and no

errors of procedure having been made to appear, the judgment must be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., not participating.

### On Rehearing.

PER CURIAM.—Upon application for rehearing it is asserted that the motion to quash the indictment and the action thereon are properly in the bill of exceptions because the court refused to consider the motion. Even if it is conceded that this is true and that the rule announced in the opinion upon this point is not applicable, the motion was offered or made after a plea in bar had been entered and while the case was on trial on that issue. This was too late and the court did not err in refusing to consider the motion to quash at that time. The legal sufficiency of the indictment was tested by motion in arrest of judgment and its sufficiency was adjudicated in affirming the judgment.

Rehearing denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., not participating.