J. E. WALKER v. STATE.

161 So. 278.
Opinion Filed May 6, 1935.

*C. A. Savage, Jr.,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—This was a conviction for perjury. The Attorney General contends that the indictment in the case was framed under Section 7477 C. G. 'L., 5343 R. G. S. It is the contention of counsel for plaintiff in error, however, that whether the indictment for perjury be considered as framed under the above cited section of our statutes, or be dealt with as having been framed under some other section, that in either event, the indictment to be held good must contain an allegation that the person charged with the commission of perjury had an oath administered to him *by someone authorized by law to administer oath.* See: Craft v. State, 42 Fla. 567, 29 Sou. Rep. 418.

The first count of the indictment in the present case, omitting certain descriptive details not necessary to be set forth as aid to a proper understanding of the point here involved, was as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA: The Grand Jurors of the State of Florida, enquiring in and for the body of the County of Marion, upon their oaths do present that J. E. Walker * * * on the 9th day of November, 1933, with force and arms at and in the County of Marion and State of Florida aforesaid, that on to-wit: the 8th and 9th days of November, 1933, in the County and State aforesaid, a certain cause was then and

there pending in the Circuit Court in and for Marion County, Florida, in which the State of Florida was plaintiff and Joseph H. Spero was defendant; that said cause was one in which the said Joseph H. Spero was charged with the first degree murder of one, Joe Henderson. That said cause came on to be heard on said days aforesaid before a jury in and the Circuit Court of Marion County, Florida; and that said Court then and there had full and complete jurisdiction to try, hear and dispose of said cause; and thereupon the said J. E. Walker then and there became and was a witness on behalf of the defendant, Joseph H. Spero, in said cause, and was then and there duly sworn according to law to depose and speak the truth in said cause. That upon the hearing aforesaid, it then and there became and was a material matter respecting which said oath was taken by the said J. E. Walker, whether the said J. E. Walker was, on the 21st day of July, 1933, at or near the intersection of North Magnolia Street and West Henry Street in the City of Ocala, Marion County, Florida; * * * and thereupon the said J. E. Walker, being so sworn as aforesaid to speak the truth as aforesaid; and wickedly contriving and intending to cause and procure the jury in said cause to arrive at and render in said Court aforesaid a verdict of 'Not Guilty' for the defendant, Joseph H. Spero, in said cause, and an acquittal of the defendant, Joseph H. Spero, of said charge of First Degree Murder of the said Joe Henderson, did then and there willfully, falsely, wickedly, knowingly, maliciously, corruptly, and by his own consent, upon his oath aforesaid; in the County and State aforesaid, on the 9th day of November, 1933, depose, swear and give evidence in said cause aforesaid, before said Court and Jury aforesaid, among other things, in substance and to the effect following, that is to say: On Friday after-

noon, July 21st, 1933, at the time Joe Henderson was killed, I was sitting in my automobile parked on West Henry Street, Ocala, Florida, about two car lengths off Magnolia Street, and saw a commotion between Joseph H. Spero and a negro (meaning Joe Henderson); I heard a shot and saw the negro (meaning Joe Henderson) stagger backwards and start to fall. Whereas in truth and in fact that said J. E. Walker, at the time aforesaid, was not then and there present sitting in his automobile parked on West Henry Street, Ocala, Florida, about two car lengths off Magnolia Street, and did not see a commotion between Joseph H. Spero and a negro (meaning Joe Henderson), and did not hear a shot and did not see a negro (meaning Joe Henderson) stagger backwards and start to fall; but on the contrary, at the time of the killing aforesaid; the said J. E. Walker was at or near Bay Lake, Florida; approximately twenty-seven miles away from Ocala, Florida; and thereupon the statement of the said J. E. Walker, so given as aforesaid, that he was sitting in his automobile parked on West Henry Street, Ocala, Florida, about two car lengths off Magnolia Street, and saw a commotion between Joseph H. Spero and a negro (meaning Joe Henderson) and heard a shot and saw the said negro (meaning Joe Henderson) stagger backwards and start to fall, was false, and the said J. E. Walker then and there well knew the same to be false; wherefore the Grand Jurors aforesaid, upon their oaths aforesaid, do say that the said J. E. Walker, at the time and place aforesaid, before the Court and Jury aforesaid, did commit the crime of perjury."

Several subsequent counts were dissimilar to the first count only as to the descriptive details.

An indictment for perjury is sufficient which is not so vague, indistinct or indefinite as to mislead the accused, or

embarrass him in the preparation of his defense, or expose him to substantial danger of a new prosecution for the same offense. Ward v. State, 83 Fla. 311, 91 Sou. Rep. 189; Jarvis v. State, 73 Fla. 635; 74 Sou. Rep. 794; Bennett v. State, 65 Fla. 84, 61 Sou. Rep. 127; Edwards v. State, 62 Fla. 40, 56 Sou. Rep. 401. See also: Settles v. State, 75 Fla. 296, 78 Sou. Rep. 287. But such indictment cannot be upheld where it entirely omits an indispensable allegation required to make it complete. Craft v. State, *supra.*

In an indictment for perjury, whatever kind it may be, it is an essential allegation that the party charged was duly sworn, *and that the oath was administered to him by someone authorized by law to administer such oath.* Craft v. State, *supra,* 2nd head-note. However, the allegation may not be required to be made *totidem verbis,* if words of equivalent import are employed to express the same idea and are sufficient for that purpose. Settles v. State, *supra.*

In the Craft case the allegation was that the defendant "was then and there duly and lawfully sworn to depose the truth," as to a matter being judicially investigated by a grand jury. The indictment there considered was under Section 2561, Revised General Statutes of 1892, Section 3473, General Statutes of 1906. Section 7477 C. G. L., 5343 R. G. S., is identical with Section 2561, Revised General Statutes of 1892, under which the indictment in the Craft case, *supra,* was found.

Therefore if the indictment in the Craft case was unsound, the indictment in this case is likewise unsound. This conclusion necessarily follows, because in neither case does the indictment allege (except inferentially at most) that the oath to the accused was administered to him by someone authorized by law to administer an oath. Both

cases attempt to charge perjury committed in a judicial proceeding. The Craft case charged the perjury as having been committed before a Grand Jury. This case attempts to charge perjury as having been perpetrated before a petit jury at the trial of a case.

It therefore appears on the authority of the case of Craft v. State, 42 Fla. 567, 29 Sou. Rep. 418, *supra,* the indictment in this case is fatally defective and that the judgment of conviction should be reversed with directions to quash or *nolle prosequi* the indictment.

Reversed with directions.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.