PER CURIAM.
Appellant, who was defendant below, was indicted on a charge of perjury. Based upon the indictment, the state attorney filed an information in the Criminal Court of Record pursuant to § 32.18, Fla.Stat., F.S.A., accusing the defendant of having given false testimony before the grand jury, which constitutes an offense as provided in § 837.02, Fla.Stat., F.S.A. Subsequently, upon the motion of the state, this information was quashed and a new information filed. The second information was also based upon the indictment pursuant to § 32.18(4), Fla.Stat., F.S.A., and was indistinguishable from the first information except for one additional clause alleging that the defendant was under oath at the time he testified falsely. Defendant’s motion to quash the information was denied, and the cause proceeded to trial. Defendant here appeals the judgment and sentence imposed.
We are of the opinion that the recent case of State v. Hill, Fla.App.1968, - So.2d -, is controlling for the purposes of the instant appeal. The Hill case stands for the proposition that, to be valid, an information must be based either upon a valid indictment or upon sworn testimony.
Appellee argues that the indictment in this case is sufficient because it is not so vague, indistinct or indefinite as to mislead the accused or embarrass him in the preparation of a defense. See: § 906.25, Fla.Stat., F.S.A. But, it is clear that an indictment will not be upheld were it entirely omits an indispensable allegation. Walker v. State, 119 Fla. 240, 161 So. 278 (1935). It is essential in a charge of perjury to allege that the accused was under oath at the time of the commission of the offense. Gordon v. State, Fla.1958, 104 So.2d 524; Walker v. State, supra.
*141 As the indictment in this case is incapable of supporting a valid information, and as there is no showing- that the information filed was based upon sworn testimony, appellant’s conviction must be reversed. Having so decided, we deem it unnecessary to discuss appellant’s other contentions.
Reversed.